## WHITE *vs.* BRANTLEY.

[TRESPASS FOR KILLING DOG.]

1. *When action lies.*—Trespass lies, in favor of the owner, for killing a dog, which was at the time in the possession of a third person under a loan.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

THIS action was brought by the appellant, to recover damages for killing a dog. The defendant pleaded, among other things, "that, at the time of the alleged killing, the dog was not in the possession of the plaintiff." The plaintiff demurred to this plea, but his demurrer was overruled; and he then replied, "that said dog, when he was killed by said defendant, was in the possession of one Rasco, to whom plaintiff had loaned him, and who held possession of him under said loan." The defendant thereupon moved for judgment, without demurring, or rejoining to said replication; and the court granted his motion, and rendered judgment in his favor. The judgment and rulings of the circuit court are now assigned as error.

GEO. W. GAYLE, for the appellant, cited Story on Bailments, §§ 258, 277 ; 9 Cowen, 687 ; 1 Chitty's Pleadings, 167 ; 1 Cushing, 536 ; 3 Day, 498 ; 7 Term. R. 12 ; *Nelson v. Bondurant*, 26 Ala. 341 ; *Hall v. Goodson*, 32 Ala. 277 ; *Parker v. Mise*, 27 Ala. 480 ; 1 Saunders, 105.

JNO. T. MORGAN, *contra*, cited 4 Bla. Com. 436 ; 8 Serg. & R. 571 ; 17 Barbour, 561 ; 14 Wendell, 42 ; *Davis v. Young*, 20 Ala. 151.

A. J. WALKER, C. J.—Dogs are animals *domitæ naturæ* ; and although they may not be, in the estimation

of the common law, of such value as that the stealing of them amounts to larceny, yet an action at law lies for destroying them. There is no distinction between them and other chattels, as to the possession necessary to the maintenance of an action of trespass. There is a distinction as to animals *feræ naturæ;* but dogs are not animals *feræ naturæ.*—4 Black. Com. 236 ; *Ireland v. Higgins,* Cro. Eliz. 125 ; *Wright v. Ramscot,* 1 Saunders' R. 105 ; *The Case of Swans,* 7 Rep. 18 ; *Parker v. Mise,* 27 Ala. 480. It follows, that, to the maintenance of this action, it was not requisite that the plaintiff should have had actual possession of the dog. If he was the owner of the dog, and the dog was loaned out at the time, the general property, "*prima facie,* as to all civil purposes, draws to it the possession."

Reversed and remanded.