# Central of Georgia Railway Co. v. Dumas.

### Action against Railroad Company for Killing Stock.

1. *Negligent killing of stock; duty of engineer.*—It is the duty of an engineer, while operating an engine upon a railroad track, to keep such constant outlook for obstructions, including live stock, on or in proximity to the track, as is consistent with his other duties; and if he negligently fails to observe this duty, the railroad company is responsible in damages for injuries resulting from such failure.

2. *Same; charge in reference thereto.*—In an action against a railroad company for the alleged negligent killing of stock, where the evidence for the plaintiff tends to show that the stock, at the time it was struck by the defendant's train, was on the track, and that for the defendant tended to show that upon the approach of the train the mule, though not on the track, was eating grass from between the cross-ties, charges are properly refused to the defendant which ignore the con-

sideration of the general duty of the engineer to use due care for preventive effort when stock is seen in dangerous proximity to the track.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action brought by the appellee, Hull Dumas, against the Central of Georgia Railway Company to recover $150 damages for the alleged negligent killing of a mule belonging to the plaintiff. The tendency of the plaintiff's evidence is sufficiently stated in the opinion. The engineer who was in charge of the defendant's engine at the time the accident happened testified in behalf of the defendant that its train was a passenger train, and consisted of an engine and three passenger cars and that it was equipped with an air-brake, which was in good warking order; that before reaching the place where the mule was struck that he was on the lookout; that he saw the mule about a quarter of a mile away and at that time it was grazing along the bank, on the right-of-way, and about 10 or 15 feet from the rails; that the mule then walked off from the track a short distance, and at that time the train was running about thirty miles an hour; that when the train was about seventy-five or one hundred yards from the mule, said mule jumped on the track and ran a short distance, and that at the moment the mule started towards the track he blew the cattle alarm and applied the air-brakes, and that such application reduced the speed of the train but did not check it in time to prevent striking the animal; that when the mule started towards the track suddenly, it was impossible with all the appliances known to skillful engineers to have stopped the train in time to have prevented the accident. This witness testified that he had been a locomotive engineer for twelve or thirteen years.

The court, at the request of the plaintiff, gave to the jury the following written charge: (1.) "A failure on the part of the engineer to maintain a steady lookout for obstructions on the track is itself culpable negligence." To the giving of this charge the defendant separately excepted, and also separately excepted to

the court's refusal to give each of the following written charges requested by it: (1.) "If the jury believe the evidence they must find for the defendant." (3.) "If the jury believe from the evidence that the mule was seen by the engineer of the train a quarter of a mile from him, and that said mule was then grazing on the side of the embankment, and then started down it from the train, and when the mule was in about 100 yards of the train, and then jumped on the track in front of the engine, they must find for the defendant." (4.) "If the jury believe from the evidence that the mule jumped in front of the engine when it was within 100 yards of the engine, and that prior thereto the mule had been away from said track, and the engineer was on the look-out, they must find for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $125. There was a motion made by the defendant for a new trial upon the grounds that the verdict was contrary to the evidence, and that it had not been shown that the mule was killed by reason of the negligence of the defendant; that the court erred in the charge given at the request of the plaintiff, and in refusing to give the charge requested by the defendant. This motion was overruled, and the defendant duly excepted. The defendant appeals, and asigns as error the several rulings of the trial court to which exceptions were reserved.

THOS. G. and CHAS. P. JONES, for appellant, cited *K. U., M. & B. R. R. Co. v. Watson,* 91 Ala. 486; *S. & N. R. R. Co. v. Williams,* 65 Ala. 74; *Bayliss v. R. Co.,* 77 Ala. 435; *Bir. Min. R. R. Co. v. Harris,* 98 Ala. 326; *Perdue v. L. & N. R. R. Co.,* 100 Ala. 535; *Western R. R. Co. v. Hembree,* 85 Ala. 483; *R. & D. R. R. Co. v. Freeman,* 97 Ala. 239.

No counsel marked as appearing for appellee.

SHARPE, J.—Extending from where the plaintiff's mule was injured in the direction from which the train came, the railroad was straight. The accident was in the day time. On the trial there was evidence tending to show the animal was standing between the rails when

the train was more than 300 yards from it, that the train's speed was not slackened until after the animal was struck and that until within a few feet of the animal, the cattle alarm was not sounded. Under this phase of the evidence it was open for the jury to infer negligence on the part of the engineer either in failing to see the animal, or in omitting, after perceiving him, to use efforts to stop the train such as in such cases the statutes as well as common prudence requires when available to avoid injury.—*Ala. G. S. R. R. Co. v. Boyd,* 124 Ala. 525; *L. & N. R. R. Co. v. Gentry,* 103 Ala. 635; *E. T. V. & G. R. R. Co. v. Bayliss,* 75 Ala 466 It was the engineer's duty to keep such constant look-out for obstructions including live stock on or in proximity to the track as was consistent with the performance of his other duties.—*E. T. V. & G. R. R. Co. v. Bayliss, supra,* s. c. 77 Ala. 435; *Western R'y of Ala. v. Sistrunk,* 85 Ala. 357; *L. & N. R. R. Co. v. Posey,* 96 Ala. 261; *L. & N. R. R. Co. v. Davis,* 103 Ala. 661. If more than this is implied by the charge given at plaintiff's request, still that charge was not improper as applied to the evidence in this case, since there was nothing to show there was anything to prevent the engineer from keeping a steady look-out.

Charges 3 and 4 refused to defendant each improperly ignore the consideration that the general duty to use due care may have called for preventive effort on the engineer's part by the animal's dangerous proximity to, as well as by its presence on the track. This is made pertinent by some of the testimony which is to effect that on the approach of the train, the mule though not on the track, was eating grass between ends of its crossties. There was no error in refusing either of the charges requested by the defendant or in overruling its motion for a new trial.

Affirmed.