(88 South. 661)

HINES, Director General of Railroads, v. SCHRIMSCHER. (6 Div. 291.)

(Supreme Court of Alabama. April 21, 1921.)

1. Railroads ☞419(2) — Trainmen's duty to dog on track.

Trainmen, upon discovering a dog upon the track, or in known dangerous proximity thereto, are required to avoid unnecessary injury; but they may act upon the presumption that the dog will get out of the way in time

to avoid injury, or that it will not move into danger, provided there is nothing in the circumstances of its approach or its manner of being upon the track to indicate to a reasonably prudent operator that it is helpless or indifferent to its surroundings and danger.

2. Witnesses ☞270(1) — Cross-examination of witness as to whether he would have been able to stop train if he had seen pedestrian on track at crossing held improper.

In action for death of dog on track, where the engineer had testified that he first saw the dog about 50 feet ahead of his engine, and on the track at a point not a public crossing, within Code 1907, § 5473, providing for the protection and safety of persons, stock, etc., at public crossings, cross-examination of witness, as to whether he would "have been able to stop if he had seen a pedestrian on a particular station crossing a hundred feet," held improper.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by George W. Schrimscher against Walker D. Hines, as Director General of Railroads, operating the Mobile & Ohio Railroad, for damages for killing a dog. Judgment for the plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded.

Foster, Verner & Rice and J. R. Bealle, all of Tuscaloosa, for appellant.

Section 5473, Code 1907, has no reference to stock or animals not injured at a crossing. 85 Ala. 481, 5 South. 173. Court erred in its charge as to the duty of the engineer on seeing the dog. 195 Ala. 290, 70 South. 162: 17 Ala. App. 74, 81 South. 852. Conflicting or contradictory charges should not be given. 192 Ala. 576, 69 South. 4; 38 Cyc. 1605. The verdict was not supported by the evidence. 116 Ala. 142, 23 South. 53; 196 Ala. 77, 71 South. 455.

E. L. Clarkson and F. F. Windham, both of Tuscaloosa, for appellee.

No brief came to the Reporter.

THOMAS, J. The action was for damages for killing a dog.

[1] The duty of railroad companies and their agents and servants in charge of and operating moving trains, upon the discovery of a dog upon the track, or in known dangerous proximity thereto, is to avoid unnecessarily injuring such animal. Such agent may act upon the presumption that a dog will get out of the way in time to avoid injury, or that it will not move into danger, provided there is nothing in the circumstances of its approach or manner of its being upon the track to indicate to a reasonably prudent operator that the animal is helpless, or indifferent to its surroundings and danger. T. A. & G. R. Co. v. Daniel, 200

Ala. 600, 76 South. 958; A. C. G. & A. Ry. Co. v. Lumpkin, 195 Ala. 290, 70 South. 162; Nor. Ala. Ry. Co. v. Gantt, 17 Ala. App. 74, 81 South. 852.

Charges C and D, given at plaintiff's request in writing, were to a different effect— that, on seeing the dog on the track, though there was nothing in the circumstances to indicate to a reasonably prudent engineer that the dog was helpless to extricate itself from danger, or that it was indifferent at the time to its surroundings and to the dangerous approach of the train, the engineer must immediately "use all the means within his power known to skillful engineers in order to stop the train;" and use "every means within his power known to skillful engineers, such as applying brakes and reversing the engine, in order to stop the train." Failing in the immediate use of such preventive measures, a verdict for plaintiff was directed in charge C, which was contrary to other instructions given the jury, and was erroneous. Clinton Min. Co. v. Bradford, 192 Ala. 576, 592, 69 South. 4; Talley v. Whitlock, 199 Ala. 28, 73 South. 976; B. R. L. & P. Co. v. Seaborn, 168 Ala. 658, 53 South. 241. Charge D was subject to the like vice.

There are provisions of section 5473 of the Code for the protection and safety of persons, stock, etc., that may be within the safety zone prescribed by the statute, and not applicable to some other place—not within the protection of the statute (A. G. & A. S. v. McDaniel, 192 Ala. 639, 69 South. 60; B. S. R. Co. v. Harrison, 203 Ala. 284, 293, 82 South. 534; L. & N. v. Moran, 200 Ala. 241, 76 South. 7; Ill. Cent. R. R. Co. v. Camp, 201 Ala. 4, 75 South. 290; Walker v. A. T. & N. Ry. Co., 194 Ala. 360, 70 South. 125; N. C. & St. L. Ry. Co. v. Vincent, 190 Ala. 91, 66 South. 697; Campbell v. Mobile & O. R. Co., 154 Ky. 582, 157 S. W. 931, 46 L. R. A. [N. S.] 881, Ann. Cas. 1915B, 472), and of the duties required on perceiving an obstruction on the track. It is insisted that the evidence fails to show "the crossing" inquired about was not a public crossing (Sims v. A. G. S., 197 Ala. 151, 72 South. 349; Jolley v. Sou. Ry. Co., 197 Ala. 60, 72 South. 382); the evidence on this point being in nature inferential, it is not necessary that we decide whether it was sufficient, since on a retrial the witnesses may answer specifically as to this. However, on redirect examination, the engineer testified:

"I have a regular place to cut off the steam to make the station stops. When I come into Buhl, the place is in the second road crossing north, and I began to brake at once for the station—that is, the Deal crossing."

[2] The question to witness L. C. Gales "Would you have been able to stop if you had seen a pedestrian on that crossing (referring to the station crossing at Buhl) a hundred feet?" was an improper cross-examination of the witness, irrespective of whether or not it was a public road crossing or any regular station or stopping place on such railroad. The engineer had testified that he first saw the dog about 50 feet ahead of his engine, and on the track, at a point not on a public crossing, and had observed its actions or distraction by its being called to or thrown at by Mr. Rice, or observed its indifference to surroundings and danger. It was competent to have shown whether or not, on perceiving this obstruction on his track 50 feet ahead of his engine (and there were circumstances showing the indifference to danger was exhibited by the animal), the engineer then used all the means within his power known to skillful engineers in order to stop the train to prevent the injury, as prescribed by the rules and regulations for public safety that applied to any place where the engineer perceived an obstruction on the track. Code, § 5473; Harris v. N. C. & St. L., 153 Ala. 139, 44 South. 962, 14 L. R. A. (N. S.) 261; B. E. & B. R. R. Co. v. Feast, 192 Ala. 410, 68 South. 294; Bates v. L. & N., 184 Ala. 655, 64 South. 298. Such was not the question propounded to the witness.

There being prejudicial error, as indicated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.