(93 South. 470)

### SOUTHERN RY. CO. et al. v. HARRIS.
(8 Div. 445.)

(Supreme Court of Alabama. April 27, 1922. Rehearing Denied May 18, 1922.)

**1. Railroads ⬠428—Negligent killing of dog actionable.**

A complaint averring that plaintiff's dog of specified value was killed by defendant railway company by negligently running an engine over it alleges actionable negligence.

**2. Animals ⬠2—Dog is property.**

A dog is personal property, and the owner may recover damages for its negligent killing.

**3. Railroads ⬠441(2) — Statutory presumption of negligence held to arise from killing of dog.**

A dog is personal property, and evidence showing its ownership and value and its killing by a railway company's moving engine, the dog's head being found between the rails and the body just outside of the rail, makes a prima facie case of a right to recover under Code 1907, § 5476, and shifts the burden of proof onto company to show that death was not caused by its negligence, which burden is not met where the defense offers no evidence except on the value of the dog.

**4. Railroads ⬠5½, New, vol. 6A Key-No. Series—Not suable for negligence during federal control.**

A railroad company cannot be sued for negligent acts of the railroad administration during federal control, and is not a proper party defendant in a suit against the Director General.

**5. Appeal and error ⬠1173(1)—Judgment reversed as to railroad and affirmed as to Director General of Railroads for tort action arising during federal control.**

Where a railroad and the Director General of Railroads are joined as defendants in a negligence action arising during federal management of the property, which thereby relieves the railroad of liability, a judgment for plaintiff may be reversed as to the railroad and affirmed as to the Director General, without violating the rule that judgments will be treated as entireties on appeal.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action for damages by James J. Harris against the Southern Railway Company and John Barton Payne, as Director General of Railroads. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals, under section 6, Acts 1911, p. 449. Reversed and rendered in part, and affirmed in part.

S. A. Lynne, of Decatur, for appellants.

The railway company was due the general charge. 206 Ala. 110, 89 South. 376; 206 Ala. 341, 89 South. 710. Plaintiff failing to make out prima facie case that animal was killed by defendant, the Director General was due the general charge. 55 South. 260.

William E. Skeggs, of Decatur, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. James J. Harris filed this suit on October 14, 1919, against the Southern Railway Company, a corporation, and Walker D. Hines, Director General of Railroads, for damages for killing a dog. On January 13, 1921, John Barton Payne, as Director General of Railroads, as Agent, under section 206 of the Transportation Act of 1920 (41 Stat. 461), was on application by order of the court made a party defendant in lieu and instead of the original defendant.

[1] The defendants demurred to the complaint. It was overruled by the court. There is only one count in the complaint. It avers that plaintiff owned a dog, its value is alleged, and that it was negligently killed by the defendants, its agent or servant, while acting within the scope of his employment and authority, by negligently running its engine over it.

This count alleges "actionable negligence," and the demurrers to it were properly overruled. L. & N. R. Co. v. Fitzpatrick, 129 Ala. 322, 29 South. 859, 87 Am. St. Rep. 64; Cent. of Ga. Ry. Co. v. Martin, 150 Ala. 388, 43 South. 563; Tenn. A. & G. R. Co. v. Daniel, 200 Ala. 600, 76 South. 958.

Each defendant pleaded the general issue. There was a verdict against the defendants, judgment thereon by the court, and each defendant appeals therefrom.

[2, 3] A dog is personal property. L. & N. R. Co. v. Fitzpatrick, 129 Ala. 322, 29 South. 859, 87 Am. St. Rep. 64. In Selma St. & S. R. Co. v. Martin, 2 Ala. App. 544, 56 South. 603, Judge Walker wrote:

"When it is shown that one's dog was killed by the car of any railroad company, the statute in question [section 5476 of Code of 1907] puts the burden of proof in any suit brought therefor on the railroad company to show that there was no negligence on the part of the company or its agents."

This opinion was modified in part by this court in Ex parte Selma St. & S. R. Co., 177 Ala. 473, 59 South. 169, in which it held that section 5476 of the Code of 1907 was not

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"intended to apply to street railroad companies operating as such on the streets of a city." See, also, Appel v. Selma St. & S. R. Co., 177 Ala. 457, 59 South. 164.

The proof shows the dog belonged to the plaintiff. Its value was from $50 to $150. It was killed in October or November, 1918. The evidence tended to show it was killed by an engine of the Southern Railway Company while being operated on its track. The dog's head was mashed off. When found its head was between the rails of the Southern Railway Company's track, and its body was just outside of the rail. This evidence made out a prima facie case of a right to recover on the part of plaintiff, and shifted the burden of proof onto the railroad company to show the death of the dog was caused by no negligence on the part of the railroad company or its agents. The defendants offered no evidence except on the value of the dog. Hence the general affirmative charge, with hypothesis, requested in writing by defendant John Barton Payne, as Director General of Railroads, as Agent, was properly refused by the court; and as to him this judgment must be affirmed.

[4] When this cause of action arose in October or November, 1918, the Southern Railway Company and other railroad systems of transportation were being operated by and under control of the federal government. The Southern Railway cannot be sued or held liable for the negligent acts of the railroad administration during the governmental control, management, and operation of its property. Charlton v. A. G. S. R. Co., 206 Ala. 341, 89 South. 710; Crim v. L. & N. R. Co., 206 Ala. 110, 89 South. 376; Currie v. L. & N. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675.

The Southern Railway Company was not a proper party defendant in this case. This suit, under the evidence, cannot be maintained against it. The general affirmative charge, with hypothesis requested in writing by it, should have been given by the court. As to the Southern Railway Company, this judgment will be reversed and rendered.

[5] Under the authority of North Ala. T. Co. v. Hays, 184 Ala. 592, 64 South. 39, this judgment is affirmed as to John Barton Payne, as Director General of Railroads; and the judgment against the Southern Railway Company for the error mentioned will be reversed, and a judgment here entered dismissing the case as to it, and defendant John Barton Payne, as Director General of Railroads, is taxed with the cost.

Reversed and rendered in part, and affirmed in part.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.