(94 South. 549)

## ALABAMA GREAT SOUTHERN R. CO. v. WEDGWORTH. (2 Div. 803.)

(Supreme Court of Alabama.   Oct. 12, 1922. Rehearing Denied Dec. 7, 1922.)

**1. Animals ⬡⟶2—Unlicensed dog property.**

The failure to pay the license tax for keeping a dog, as required by Gen. Acts 1919, p. 1079, section 10 of which declares a registered dog to be property, does not deprive the dog of its status as property, and nullify the owner's right of action for its negligent killing.

**2. Animals ⬡⟶44—Action for negligent killing of dog not defeated by unlawful status bearing no relation to injury.**

That the owner failing to pay the license for keeping a dog has violated the law, and may even be guilty of a misdemeanor in respect thereto, is no defense to an action for its negligent killing where neither the unlawful conduct of the owner nor the unlawful status of the dog bears any relation to the injury complained of.

**3. Railroads ⬡⟶421—Negligent killing of dog actionable though used in hunting without license.**

In an action for the negligent killing of a dog by a train, it is no defense that at the time of the accident the plaintiff was using the dog in hunting without a license, in violation of law, the fact having no causal connection with the injury.

**4. Railroads ⬡⟶446(1)—Negligence in killing dog held for jury.**

In an action for the negligent killing of a dog by a train, held that defendant was not entitled to a general affirmative charge, the evidence showing that the dog was killed by one of the defendant's trains.

**5. Railroads ⬡⟶441(2) — Burden of showing care on company killing dog.**

Where there was evidence to show that plaintiff's dog was killed by one of the defendant's trains, the defendant had the burden, under Code 1907, § 5476, of showing that none of its trains which might have reasonably done the killing was negligently operated.

Appeal from Circuit Court, Hale County; S. F. Hobbs, Judge.

Action for damages by John B. Wedgworth against the Alabama Great Southern Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The action is by the owner of a dog for its negligent killing by defendant, viz. by so negligently operating or managing its train of cars as to run upon or over the animal. The defendant filed five pleas to the complaint, and separately and severally, to each count. Pleas 1 and 2 were pleas of the general issue. Plea 3 was as follows:

"That at the time of the alleged injury to plaintiff's dog, plaintiff was in default in paying the license required by law on said dog, and that plaintiff's possession of said dog was illegal."

Plea 4 was as follows:

"That at the time of the alleged injury to plaintiff's dog, plaintiff had not paid the license required by law for said dog in Hale county, Ala., or elsewhere, and that no transfers are shown on the record at the office of the clerk of the circuit court of Hale county, Ala., show-

ing the transfer of said dog from any other person who had paid the license thereon, to the plaintiff, and that the dog was not transferred to the plaintiff by any other person, temporarily, or loaned him for hunting purposes, or breeding or field trials or show purposes."

Plea 5 was as follows:

"That at the time of the alleged injury to the plaintiff's dog, the plaintiff was using said dog in the performance of an unlawful act, viz. hunting without a license."

Smith, Wilkinson & Smith, of Birmingham, and Evins & Jack, of Greensboro, for appellant.

The license on the dog not having been paid, plaintiff had no such property therein as would entitle him to maintain the action. 67 Ala. 92; 79 Conn. 427, 65 Atl. 289, 8 Ann. Cas. 417; 166 U. S. 607, 17 Sup. Ct. 703, 41 L. Ed. 1132. Plea 5 set up a good defense, and demurrer to it was erroneously sustained. 151 N. C. 536, 66 S. E. 604, 45 L. R. A. (N. S.) 378; Fed. Cas. No. 11,901; 5 Ala. 468; 54 Ala. 150, 25 Am. Rep. 671.

Thomas E. Knight and Thomas E. Knight, Jr., both of Greensboro, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] Defendant's pleas 3 and 4 set up plaintiff's failure to pay the license tax required by the act of September 30, 1919 (Gen. Acts 1919, p. 1077), for keeping a dog; the theory of the pleas being that such failure deprived the dog of its status as property, and nullified the owner's right of action for the injury complained of.

The Dog Law of 1919, above referred to, requires the owner or keeper of every dog to have him annually registered, and to pay an annual registration fee, as provided, and to procure an identification tag to be worn by the dog. It is further declared to be unlawful for any person to keep or harbor any dog not regularly licensed, as provided; and it is made the duty of sheriffs, constables, and license inspectors to kill on sight any dog found by them running at large, not wearing the identification tag showing the registration number of the dog, or not wearing a muzzle, as provided by the act.

Section 10 of the act provides:

"That each dog registered and tagged in accordance with the provisions of this act is hereby declared to be property, and the owner or keeper of such dog shall, in case such dog is stolen, injured or killed, have the same protection as to his property rights in such dog as of any other live stock, and any person who shall steal, kill, injure or entice away from the owner thereof, any dog registered and tagged as provided in this act shall be subject to the same penalty as for the same offense committed against any other live stock."

Appellant's contention is that this provision of the act, when read in connection with the other provisions referred to, evinces a clear legislative intent to outlaw dogs not kept in compliance with the law, to the extent at least of denying to their owners any civil remedy for negligent injuries done to them by other persons. This argument is plausible enough, but we are nevertheless of the opinion that the language of the act does not necessarily carry such an implication. Substantially similar provisions were placed in the Dog Law of 1915 (Gen. Acts 1915, p. 599), but long before that the property status of dogs had been declared by this court, and in Louisville & N. R. Co. v. Fitzpatrick, 129 Ala. 322, 29 South. 859, 87 Am. St. Rep. 64, it was held that a dog is property, and that its owner may maintain an action against a railroad company for its negligent killing, citing the early cases of Parker v. Mise, 27 Ala. 480, 62 Am. Dec. 776, and White v. Brantley, 37 Ala. 430. The Fitzpatrick Case, supra, has been followed in the recent case of Southern Ry. Co. v. Harris (Ala. Sup.) 93 South. 470.[1] Courts do not favor any construction of a statute which will destroy valuable rights pre-existing, and such an intendment will not be indulged unless it be a necessary implication from the language used, or essential to the effective operation of the law. Crowder v. Fletcher, 80 Ala. 219; Beale v. Posey, 72 Ala. 323.

In Chapman v. Decrow, 93 Me. 378, 45 Atl. 295, 74 Am. St. Rep. 357, under the provisions of a law substantially like ours, the owner of a dog brought trespass for its intentional killing by the defendant, who pleaded that the dog was not licensed, and therefore there was no property right in it; that anybody could kill it; and that the owner had no civil redress. The court disposed of that contention in this brief paragraph:

"But, it is said that section 11, which provides a civil liability for stealing or killing a registered dog, by implication outlaws all that are not registered, and authorizes anybody to steal or kill them. If this provision adds any remedy not known to the common law, it certainly does not take away rights previously existing by it."

Counsel for appellant rely for authority on the case of Dickerman v. Cons. R. Co., 79 Conn. 427, 65 Atl. 289, 8 Ann. Cas. 417. The decision in that case seems to give full support to defendant's contention here, but the reasoning is not convincing, and we think the conclusion arrived at is not in harmony with sound principles of statutory construction.

[2] So, also, the fact merely that the owner of the dog has violated the regulations of the law, and may even be guilty of a misdemeanor in respect thereto, is no defense to an action like this, where neither the unlawful conduct of the owner nor the unlawful status of the dog bears any relation to

---

[1] 207 Ala. 534.

the injury complained of. Ensley Mercantile Co. v. Otwell, 142 Ala. 575, 38 South. 839, 4 Ann. Cas. 512.

[3] This principle is applicable also to defendant's plea No. 5, setting up the fact that at the time the dog was killed plaintiff was using him for hunting, and had no license to hunt—that fact having no causal connection whatever with the killing of the dog. The demurrers to these special pleas aptly pointed out their legal insufficiency and were properly sustained.

[4] The only other question arises upon the refusal of the trial judge to give for defendant the general affirmative charge on the evidence before the court. Defendant's contention is based upon the assumption that the evidence of the witness Rogers, testifying for plaintiff, shows that the dog could have been killed only by defendant's train No. 4 on December 12, 1920, the testimony of the engineer in charge showing that that train was operated without any negligence with respect to the dog, whose presence on the track, if he was there, was not observed by him or the fireman.

While the evidence indicates that train No. 4 was the train that ran upon and killed the dog, and the jury might well have so found, we are nevertheless unable to say that it is conclusive to that effect, or that the jury were bound to find that that train, and no other, did the injury.

[5] The evidence showing very clearly that the dog was killed by one of defendant's trains, and permitting a reasonable inference that it was done by some other train than No. 4, the burden was on defendant under the statute (Code, § 5476) to show that none of its trains which may have reasonably done the killing was negligently operated with respect to that result. This burden was not met by defendant, and therefore the general charge in its behalf was properly refused.

No error being found, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.