(96 South. 66)

## FINLAY v. LOUISVILLE & N. R. CO.
### (3 Div. 605.)

(Supreme Court of Alabama. April 19, 1923.)

**Animals ⚛2—Unlicensed dog property.**

In an action against a railroad company for the negligent killing of a dog, pleas alleging plaintiff's want of property in the dog because of a failure to comply with the statute as to a license are insufficient, and demurrer thereto should have been sustained.

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

L. M. Finlay sues the Louisville & Nashville Railroad Company for damages for negligently killing a dog. From a judgment overruling demurrers to special pleas, plaintiff takes a nonsuit, and appeals. (Transferred from the Court of Appeals under Act 1911, p. 449, § 6.) Reversed and remanded.

Leon G. Brooks, of Brewton, for appellant.

It was error to overrule plaintiff's demurrer to defendant's special pleas. A. G. S. R. Co. v. Wedgworth, 208 Ala. 514, 94 South. 549.

Jones & Thomas, of Montgomery, and Hamilton, Page & Caffey, of Brewton, for appellee.

Under the common law, a dog was only conditional property. The statute declares each dog registered, etc., to be property. Hence, unless the provisions of the statute be complied with, there is no property right in a dog. Acts 1919, p. 1077, § 10; 25 R. C. L. 979; 2 Lewis' Suth. Stat. Constr. 933; Patterson v. Holmes, 202 Ala. 115, 79 South. 581.

PER CURIAM. The defendant's special pleas, to which a demurrer was overruled, set up in varying form a want of property in the dog growing out of a failure to comply with the statute as to a license and tag—practically the same defense attempted in the case of A. G. S. R. R. v. Wedgworth, 208

Ala. 514, 94 South. 549, where we held adversely to the defendant's contention. This Wedgworth Case, supra, was carefully considered originally and upon rehearing, and the same controls the case at bar. The trial court erred in not sustaining the plaintiff's demurrer to the defendant's special pleas, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.