(104 So. 868)

**LOUISVILLE & N. R. CO. v. STURDIVANT.** (2 Div. 334.)

(Court of Appeals of Alabama. June 9, 1925. Rehearing Denied June 30, 1925.)

**1. Railroads ☰441(2)—Upon showing animal killed, railway has burden of disproving negligence.**

Under Code 1923, § 9955, showing, in suit against railway company for negligent killing of dog, that defendant's train killed dog places burden on defendant to show that killing was not negligent.

**2. Railroads ☰441(5)—Burden of disproving negligence in killing of dog held not met.**

In suit for negligent killing of dog, burden imposed upon railway company by Code 1923, § 9955, on showing of killing of animal by train, of proving that killing was not negligent, *held* not to have been met, where evidence does not

---

☰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

show that fireman was keeping lookout, which he admitted was his duty when not firing.

**3. Damages** ⟜210(2)—**Instruction limiting recovery for killing of dog to amount of claim properly refused.**

In suit against railway company for negligent killing of dog, refusal of instruction limiting recovery to amount of claim filed by plaintiff was proper.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Action for damages by R. D. Sturdivant against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Charges 2 and K, refused to defendant, are as follows:

"(2) The court charges the jury that the burden of proof is upon the plaintiff to reasonably satisfy the jury from the evidence in this case that the defendant, or one of its agents, servants, or employees, acting within the line and scope of his authority, was negligent in the operation of the train, and, unless the jury is so reasonably satisfied from the evidence, they should find the issues in favor of the defendant.

"K. The court charges the jury that, if the jury is reasonably satisfied from the evidence in this case that this plaintiff is entitled to recover, the court charges the jury that the plaintiff could not recover over $100, the amount of claim filed by plaintiff.

Arthur M. Pitts, of Selma, for appellant.

Defendant was due the general affirmative charge. Hines v. Schrimscher, 205 Ala. 550, 88 So. 661; N., C. & St. L. v. Jones, 209 Ala. 250, 96 So. 79.

Harry W. Gamble, of Selma, for appellee.

The general charge for defendant was properly refused. A. G. S. v. Wedgworth, 208 Ala. 514, 94 So. 549. The burden was upon the defendant to show no negligence. Code 1923, § 9055; N. & C. v. Peacock, 25 Ala. 229; L. & N. v. Fitzpatrick, 129 Ala. 322, 29 So. 859, 87 Am. St. Rep. 64; L. & N. v. Watson, 208 Ala. 319, 94 So. 551; W. of A. v. McPherson, 146 Ala. 427, 40 So. 936.

RICE, J. This was a suit by appellee against appellant, for damages on account of the killing of a bird dog, belonging to appellee, by one of appellant's trains.

The evidence leads clearly to the conclusion that the train which caused the death of the dog in question was that described as the Camden train, and that the said dog was killed by said train on Sunday March 23, 1924.

[1] When plaintiff (appellee) showed that his dog was killed by defendant's (appellant's) train, the burden was then placed on defendant to show that the killing was not negligently done. Code 1923, § 9955; L. & N. R. Co. v. Watson, 208 Ala. 319, 94 So. 551, and the cases cited in the opinion in same. The trial court therefore properly refused appellant's requested charge No. 2.

[2] Nobody saw the train strike the dog. The engineer testified that he was keeping a proper lookout prior to the time the dog was first observed by him "hung up on the pilot of the engine—dead." While perhaps he could have been more explicit, yet we think the testimony of the engineer is fairly construed as showing that there was no negligent operation of the train in question upon the occasion in question, in so far as he (the engineer) was concerned.

The fireman testified, however, that "when I am not firing my duty requires me to keep a lookout." He then went on to say that the first he knew of the dog being killed was when the engineer called his attention to the dog—dead—on the pilot or "cow catcher," and that at that time he was "firing"; that, finishing his immediate task, he "went on looking out on his side." It is evident the dog was struck some time before the engineer called the fireman's attention to it, and nowhere in the testimony does it appear that the said fireman was actually keeping a lookout prior to the time of striking the dog, although he said it was his duty to do so, what time he was not engaged in his duties of firing. The engineer's testimony shows the dog must have been hit or struck by the side of the front of the engine nearest to the fireman, and we think the testimony left it open to the jury to find the death of the dog to be due to the negligence of the fireman, or perhaps it would be better to say, the burden being on the appellant to affirmatively acquit itself of the negligent operation of the said train, the said burden was not met in so far as its fireman was concerned. Accordingly we must hold that the general affirmative charge in its favor, requested by appellant, was properly refused. Authorities supra.

[3] Appellant's assignment of error No. 3, based upon the refusal of written charge K, is so patently without merit that no further comment will be indulged than to say the action of the court in refusing same was proper.

There is no prejudicial error in the record, and the judgment will be affirmed.

Affirmed.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes