(117 So. 293)

**LOUISVILLE & N. R. CO. v. COXE.**
**(6 Div. 104.)**

Supreme Court of Alabama. May 24, 1928.

Rehearing Denied June 21, 1928.

McClellan & Stone, of Birmingham, for appellant.

Wm. Henry Beatty, of Birmingham, for appellee.

PER CURIAM. The appeal is from a judgment recovered by appellee against appellant railway company for the death of plaintiff's bird dog that was run over and killed by cars of defendant's train at the mining camp known as Muscoda. The defendant's locomotive was pushing several cars on an up grade, going toward Raimund, the cars reaching the dog first, the train moving from 20 to 35 miles per hour. According to one witness, the dog was killed "about 40 or 50, maybe 60 feet from the crossing," and, from another, "the dog was going across a walkway" and had gotten on the track "beyond the crossing towards Sloss; * * * just jumped right upon the track."

The dog was not killed at any public crossing; therefore the provisions of section 9952, Code of 1923 (if in any case they would be of influence in a case of this character), are without application here. The evidence tends to show no member of the train crew on the car at that end of the train saw the dog. No evidence contradictory to that of plaintiff was offered by defendant as to the accident, and the court gave the affirmative charge for plaintiff evidently upon the theory that a dog, being personal property, is within the influence of our "burden of proof" statute (section 9955, Code of 1923; L. & N. R. R. Co. v. Watson, 208 Ala. 319, 94 So. 551; A. G. S. R. R. Co. v. Wedgworth, 208 Ala. 514, 94 So. 549; Southern Ry. v. Harris, 207 Ala. 534, 93 So. 470), and, as said, the statute is not confined in its operation to the three preceding sections in the Code (Ex parte Southern Ry., 181 Ala. 486, 61 So. 881), the burden of proof shifted to the defendant. If, however, the evidence as to the death of the animal suffices to overcome the effect of the statute and meets the requirements thereof, the affirmative charge should not be given, as it is immaterial by which party to the litigation the evidence is offered. 22 Corpus Juris, 70; U. S. v. Beaman (C. C. A.) 242 F. 876.

The rule under the burden of proof statute must be considered, however, in view of the different degree of care due to be observed as to dogs from that of stock or cattle.

"The duty of railroad companies and their agents and servants in charge of and operating moving trains, upon the discovery of a dog upon the track, or in known dangerous proximity thereto, is to avoid unnecessarily injuring such animal. Such agent may act upon the presumption that a dog will get out of the way in time to avoid injury, or that it will not move into danger, provided there is nothing in the circumstances of its approach or manner of its being upon the track to indicate to a reasonably prudent operator that the animal is helpless, or indifferent to its surroundings and danger." Hines v. Schrimscher, 205 Ala. 550, 88 So. 661; N., C. & St. L. R. Co. v. Jones, 209 Ala. 250, 96 So. 79; A. G. S. R. R. Co. v. Lumpkin, 195 Ala. 290, 70 So. 162.

In the instant case there is evidence tending to show the dog jumped upon the track, and, evidently discovering the cars moving toward her, ran down the track "10, 15, or 20 feet" before being run over.

We are of the opinion the proof was sufficient to overcome the rule as to the burden of proof, and that the trial court committed error in giving for the plaintiff the affirmative charge.

For the error indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, GARDNER, and BOULDIN, JJ., concur.