## LOUISVILLE & N. R. CO. v. GREEN.

### 6 Div. 834.

Supreme Court of Alabama.

March 12, 1931.

Rehearing Denied April 9, 1931.

G. P. Benton, of Fairfield, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Huey, Welch & Stone, of Bessemer, for appellant.

Perry, Mims & Green, of Bessemer, for appellee.

**ANDERSON, C. J.**

It is suggested in brief of appellant's counsel that the trial court held section 9955 of the Code of 1923 unconstitutional upon the authority of Western & Atlantic R. R. v. Henderson, 279 U. S. 639, 49 S. Ct. 445, 73 L. Ed. 884. The record does not disclose such an express ruling by the trial court, though the giving of certain charges, at the request of the defendant, would indicate that said section 9955 was not applied to the case in hand. On the other hand, as we view this case, the defendant was entitled to the general charge but for said section, as there was no proof that the engineer discovered the dog on the track until he blew the whistle just before striking him and too late to avoid injuring him. This was not at a point where the engineer had to keep a lookout, and there is no proof from which the jury could infer that he was looking ahead and did see the dog before getting right on him.

We are not persuaded, however, that section 9955 of our Code falls within the influence of the case of Western & Atlantic R. R. v. Henderson, 279 U. S. 639, 49 S. Ct. 445, 73 L. Ed. 884, as our statute is unlike the Georgia statute there involved. It is more nearly akin to the Mississippi statute upheld in the case of Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 S. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463. Our statute simply means that, when injury is shown by a railroad, the plaintiff makes out a prima facie case, and that the burden is then shifted to the railroad to rebut or overcome said prima facie case by introducing evidence sufficient to dispute or overcome the said prima facie case of the plaintiff. This may be done by undisputed facts sufficient to rebut the prima facie case, and, when so done, would entitle the defendant to the affirmative charge. On the other hand, if the plaintiff makes out a prima facie case and in doing so does not acquit the defendant of negligence or does not also show sufficient evidence to take the negligence to the jury, and this was all, the plaintiff would be entitled to the general charge. The plaintiff made out a prima facie case by showing the injury to the dog by the defendant's train, and the evidence in establishing these facts did not negative negligence on the part of defendant's servants, and, the defendant failing to introduce any evidence, the plaintiff was due the general charge. In other words, the defendant made no effort to rebut the prima facie case made by the plaintiff, and the plaintiff's evidence, in establishing the injury, did not acquit the defendant of negligence and overcome the statute placing the burden of proof on the defendant, as was done in the case of Louisville & N. R. R. v. Coxe, 218 Ala. 25, 117 So. 293.

It has been well settled by the decisions of this court that section 9955 fixes the burden upon the railroad as to injury whether occurring at places fixed by the three preceding sections or not. Ex parte Southern R. Co., 181 Ala. 486, 61 So. 881; Central of

Ga. v. Moore, 200 Ala. 213, 75 So. 971. In fact, this statute has been held to cover dogs as property and as applicable to injuries to them. Ex parte Selma Street & Suburban Ry., 177 Ala. 473, 59 So. 169.

The case of Louisville & N. R. R. v. Coxe, 218 Ala. 25, 117 So. 293, is not contrary to this holding. It simply holds that the statutory duties as to signals, etc., apply only to places mentioned in the statute, and does not hold that section 9955 applies only to places mentioned in the three preceding sections.

The complaint was sufficiently specific as to the place of injury, and the trial court did not err in overruling the demurrer thereto. Louisville & N. R. R. v. Watson, 208 Ala. 319, 94 So. 551.

The trial court did not commit reversible error in ruling on the evidence. .

As we view this case, the trial court could have well given the general charge for the plaintiff, and, this being the case, the exceptions to the oral charge and the argument of counsel, having no bearing upon the quantum of damage, were without injury to the defendant.

Likewise, if the plaintiff was entitled to the affirmative charge, the defendant was not due a new trial.

The judgment of the trial court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.