(133 So. 33)

### OWEN v. SOUTHERN RY. CO.
### 7 Div. 21.

Supreme Court of Alabama.
March 19, 1931.

Merrill, Jones & Whiteside, of Anniston, for appellant.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

FOSTER, J.

Usually the duty owing by the operatives of a train of· cars to an animal on˙ the.track is not discharged by a proper equipment and operation of the train, and the diligent and skillful use of the appliances to avoid the injury after a discovery of the presence of the animal on the track, as hypothesized in given charges 5 and 8, but it is the duty of the engineer to keep such constant lookout ,for animals on the ˙track as is consistent with the performance of his other duties. Cent. of Ga.˙ Ry.˙ Co. v. Stark, 126 Ala. 365, 28 So. 411; Cent. of Ga. Ry. Co. v. Dumas, 131 Ala. 172, 30 So. 867; Nashville, C. & St. L. Ry. Co. v. Bingham, 182 Ala. 640, 62 So. 111; Cent. of Ga. Ry. Co. v. Williams, 200 Ala. 73, 75 So. 401; Id., 202 Ala. 496, 80 So. 880.

But this rule does not apply to dogs. They are said to have the agility and celerity in avoiding and escaping danger not possessed by . the ordinary lower animal. From this instinct one may presume that a dog will avoid danger, or not move into it. But the presumption that he will avoid an existing danger is of course not indulged if he is helpless or indifferent to the danger. Alabama City G. & A. Ry. Co. v. Lumpkin,·195 Ala. 290, 70 So. 162; Tennessee, A. & G. R. Co. v. Daniel, 200 Ala. 600, 76 So. 958; Hines, etc., v. Schrimscher, 205 Ala. 550, 88 So. 661; Louisville & N. R. Co. v. Coxe, 218 Ala. 25, 117 So. 293; 52 Corpus Juris, 24.

From this rule it follows that an engineer is not under duty to use care in discovering the presence of a dog on the track unless there is something in the surroundings which would stimulate such duty other than his mere presence on the track in the open country, where no statute applies. Louisville & N. R. Co. v. Joe Green, post, p.˙557, 133 So. 294; 52 Corpus Juris, 24.

As this suit is for the death of a dog, charges 5 and 8 were given for defendant without error.

Given charge No. 9 states the rule of duty to which we have referred, unless it may be said that it is fatal not to include the alternative "that it is indifferent to its surroundings." The charge does hypothesize that the dog is helpless. If his attention is so engrossed as that in all probability he will not endeavor ·to escape the danger and that is reasonably apparent, he is helpless in a reasonable sense as regards the danger. The dog then may truly be said to be helpless if he is indifferent to his surroundings. Those words are said to be appropriate under such circumstances, but it is not error to omit their use when the effect is otherwise expressed. Charge 9 was given, therefore, without reversible error.

Given charge No. 1 may be improved by express reference to the engineer, and may be of such nature that it might have been refused, but it is not reversible error, to give it.

We find no reversible error, and the judgment is affirmed.

·Affirmed.

ANDERSON, C.· J., and GARDNER and BOULDIN, JJ., concur.