42 So.2d 44

**GULF, MOBILE & OHIO R. CO.**
**v. PHIFER.**

**6 Div. 713.**

Court of Appeals of Alabama.
Aug. 15, 1949.

F. W. Davies, Birmingham, for appellant.

Chas. E. Tweedy, Jr., of Jasper, for appellee.

HARWOOD, Judge.

Verdict and judgment in the court below awarded the plaintiff $750.00 damages for death of plaintiff's fox hound, allegedly caused by the negligence of the defendant, its agents or servants in the operation of its train. The defendant perfected its appeal to this court.

The evidence presented by the plaintiff below tended to show that on the night of July 20, 1946 the plaintiff and W. A. Jackson were fox hunting in Walker County with a pack of some 10 or 12 hounds. One of the hounds was Rex Skinner, a champion fox hound with several national champions in his ancestry.

The hounds were in pursuit of a fox, in the direction of the defendant's railroad track. According to Jackson he heard the hounds just before the train passed, when he was about 200 yards from track, but could not see them. They were "coming up the railroad from toward Parrish" * * * "They were right at the track, but I could not tell whether they were exactly on it or just near it."

The plaintiff was within 150 or 200 yards of the railroad at the time the train passed. He "couldn't tell if the dogs were on the track, or how far from it as [he] couldn't see the dogs," but could only locate them by sound.

After the train passed the voice of Rex Skinner was no longer heard. Search revealed his dead body on the railroad track at a private, and apparently little used crossing. His hind legs were severed, and on the outside of the rail, his body on the inside. The body was not mangled and did not appear to have been rolled.

Among the witnesses presented by the defense were the four crewmen of the train that allegedly killed the hound.

These men testified in substance that it was their duty to keep a lookout at all times in so far as such observation was consistent with their duties in connection with the operation of the train. They were unaware that a dog had been hit or run over by the train on the trip on July 20, 1946, as they were first informed of this fact in October 1946. All four stated they were keeping a lookout on the night in question at such times as they were not occupied with their operational duties. None of them could state that they were keeping a lookout at the specific crossing at which this dog was killed, or were at the time engaged in other duties, since it was a routine trip having been made over two months prior to the time they first learned that the dog had been killed.

All four of the crewmen however unequivocally testified that they had not seen or observed any dogs on or near the tracks on the night in question.

There was further evidence from these witnesses, or some of them, to the effect that the train they were operating that night was in good mechanical and running order, and that the headlight was burning properly.

Among the charges requested by the defendant was an affirmative charge in its favor.

It is clear from the evidence that the dog was killed at a private crossing in the open country. Since the crossing was not a public crossing, nor within a fourth of a mile of any regular station, nor with-

in any city, town, or village, nor at a place where two railroads cross, Sections 170 and 171 of Title 48, Code of Alabama 1940, have no application.

There is involved in this case however a consideration of Section 173, of Title 48, Code of Alabama 1940, commonly called the "burden of proof" statute, and its interpretation and application in cases similar to the present one.

Section 173, supra, reads as follows:

"A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents."

■ In the recent case of Alabama Great Southern Railroad Company v. Hill, 1949, ante, p. 466, 43 So.2d 136, 137, Carr, Judge, of this court wrote:

"The appellee having established by the evidence that the dog was killed by the defendant's train, the burden of proof was then placed on the appellant to show that it was not negligently done. Title 48, Sec. 173, Code 1940; Louisville & N. R. Co. v. Green, 222 Ala. 557, 133 So. 294; Louisville & N. R. Co. v. Coxe, 218 Ala. 25, 117 So. 293; Louisville & N. R. Co. v. Watson, 208 Ala. 319, 94 So. 551; Southern R. Co. v. Harris, 207 Ala. 534, 93 So. 470; Louisville & N. R. Co. v. Carter, 213 Ala. 393, 104 So. 754.

"The bare statement of the above doctrine may invite some uncertainty as to its applicable purport and meaning. A further discussion of the rule is appropriate.

"In 10 R.C.L., p. 897, Section 45, under the heading of 'Shifting of Burden', we find:

" 'The term "burden of proof" has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a prima facie case. Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails.'

"See also, Louisville & N. R. Co. v. Green, supra.

"In the last cited case, Chief Justice Anderson was discussing the rule in its application to the propriety of the giving or refusal of the general affirmative charge. We are not here primarily concerned with this application. However, in logical reasoning, the opinion affords some analogy to the question before us for review.

"In the recent case of Shelton v. Gordon, Ala.Sup., 40 So.2d 95, 97, our Supreme Court had occasion to interpret the doctrine of presumption of undue influence in a will contest case. The court held:

" 'But this statement principle only means that when the evidence shows this situation to have existed, the party against whom this presumption has been cast has the duty of overcoming it by satisfactory evidence, and failing, the opposing contention will prevail. The burden of proof, as such, however, never shifts during the course of the trial and the duty of substantiating that the will was procured by undue influence rests on the contestant throughout.'

"See also, King v. Aird, 251 Ala. 613, 38 So.2d 883; Birmingham Trust & Savings Co. v. Acacia Mutual Life Ass'n, 221 Ala. 561, 130 So. 327."

In Louisville & N. R. Co. v. Coxe, 218 Ala. 25, 117 So. 293, 294, our Supreme Court in a per curiam opinion considered the propriety of the action of the lower court in giving the affirmative charge for

the plaintiff in a case similar to the one now under consideration, and in which the defendant had presented no evidence contradictory to that of the plaintiff. In the Coxe case, supra, the defendant's locomotive was pushing cars on an up grade when the dog was killed by the leading cars. In reversing the case the Supreme Court stated:

"The dog was not killed at any public crossing; therefore the provisions of section 9952, Code of 1923 [Code 1940, Tit. 48, § 170] (if in any case they would be of influence in a case of this character), are without application here. The evidence tends to show no member of the train crew on the car at that end of the train saw the dog. No evidence contradictory to that of plaintiff was offered by defendant as to the accident, and the court gave the affirmative charge for plaintiff evidently upon the theory that a dog, being personal property, is within the influence of our 'burden of proof' statute (section 9955, Code of 1923 [Code 1940, Tit. 48, § 173]; Louisville & N. R. R. Co. v. Watson, 208 Ala. 319, 94 So. 551; Alabama Great Southern R. Co. v. Wedgworth, 208 Ala. 514, 94 So. 549; Southern Ry. v. Harris, 207 Ala. 534, 93 So. 470), and, as said, the statute is not confined in its operation to the three preceding sections in the Code (Ex parte Southern Ry., 181 Ala. 486, 61 So. 881), the burden of proof shifted to the defendant. If, however, the evidence as to the death of the animal suffices to overcome the effect of the statute and meets the requirements thereof, the affirmative charge should not be given, as it is immaterial by which party to the litigation the evidence is offered. 22 Corpus Juris, 70; U. S. v. Beaman, 8 Cir., 242 F. 876.

"The rule under the burden of proof statute must be considered, however, in view of the different degree of care due to be observed as to dogs from that of stock or cattle.

"'The duty of railroad companies and their agents and servants in charge of and operating moving trains, upon the discovery of a dog upon the track, or in known dangerous proximity thereto, is to avoid unnecessarily injuring such animal. Such agent may act upon the presumption that a dog will get out of the way in time to avoid injury, or that it will not move into danger, provided there is nothing in the circumstances of its approach or manner of its being upon the track to indicate to a reasonably prudent operator that the animal is helpless, or indifferent to its surroundings and danger.' Hines v. Schrimscher, 205 Ala. 550, 88 So. 661; Nashville, C. & St. L. R. Co. v. Jones, 209 Ala. 250, 96 So. 79; Alabama City G. & A. R. Co. v. Lumpkin, 195 Ala. 290, 70 So. 162.

"In the instant case there is evidence tending to show the dog jumped upon the track, and, evidently discovering the cars moving toward her, ran down the track '10, 15, or 20 feet' before being run over.

*"We are of the opinion the proof was sufficient to overcome the rule as to the burden of proof,* and that the trial court committed error in giving for the plaintiff the affirmative charge.

"For the error indicated, let the judgment be reversed and the cause remanded.

"Reversed and remanded." (Italics ours.)

■ In Owen v. Southern Ry. Co., 222 Ala. 499, 133 So. 33, 34, our Supreme Court stated that:

"Usually the duty owing by the operatives of a train of cars to an animal on the track is not discharged by a proper equipment and operation of the train, and the diligent and skillful use of the appliances to avoid the injury after a discovery of the presence of the animal on the track, * * * but it is the duty of the engineer to keep such constant lookout for animals on the track as is consistent with the performance of his other duties. Central of Ga. Ry. Co. v. Stark, 126 Ala. 365, 28 So. 411; Central of Ga. Ry. Co. v. Dumas, 131 Ala. 172, 30 So. 867; Nashville, C. & St. L. Ry. Co. v. Bingham, 182 Ala. 640, 62 So. 111; Central of Ga. Ry. Co. v. Williams, 200 Ala. 73, 75 So. 401; Id., 202 Ala. 496, 80 So. 880.

"But this rule does not apply to dogs. They are said to have the agility and celerity in avoiding and escaping danger not possessed by the ordinary lower animal. From this instinct one may presume that a

dog will avoid danger, or not move into it. But the presumption that he will avoid an existing danger is of course not indulged if he is helpless or indifferent to the danger. Alabama City G. & A. Ry. Co. v. Lumpkin, 195 Ala. 290, 70 So. 162; Tennessee, A. & G. R. Co. v. Daniel, 200 Ala. 600, 76 So. 958; Hines etc. v. Schrimscher, 205 Ala. 550, 88 So. 661; Louisville & N. R. Co. v. Coxe, 218 Ala. 25, 117 So. 293; 52 Corpus Juris, 24.

"From this rule it follows that an engineer is not under duty to use care in discovering the presence of a dog on the track unless there is something in the surroundings which would stimulate such duty other than his mere presence on the track in the open country, where no statute applies. Louisville & N. R. Co. v. Green, 222 Ala. 557, 133 So. 294; 52 Corpus Juris, 24."

Further, in the case of Nashville, C. & St. L. Ry. Co. v. Jones, 209 Ala. 250, 96 So. 79, our Supreme Court held that where a dog was standing on a track parallel with defendants, and the evidence did not disclose that the dog was killed at a public crossing, but some 8 or 15 feet therefrom, that under the circumstances, and recognizing the special characteristics of intelligence and celerity inherent in a dog, no duty of extra diligence or precaution on the part of the engineer was created.

■. It thus appears to us that the doctrines of the above cases are to the effect that the duty of the train operators, under Section 173, supra, to keep a lookout for stock or other property that may be on the track does not apply to dogs; and even if a dog is observed on or near the track no duty of extra precaution arises, unless there are facts from which the train operators knew, or should have known that the dog was helpless or indifferent.

There being no obligation on the part of the train crew to keep a lookout for dogs under Section 173, and no duty of extra precaution if they are observed, we are frankly uncertain as to what evidence is necessary to be presented by the railroad, or could be presented by it, to overcome the rule as to burden of proof, in a dog case, unless the evidence by the plaintiff tends to show not only that the railroad killed the dog, but that he was killed under such circumstances as it could be inferred that the engineer saw the dog and knew, or should have known that it was helpless or indifferent. In the Hill case, supra, this court observed in reference to the above discussed rules applicable to the killing of a dog by a train: "We do not think that the rule should be rendered inapplicable simply because the dog was chasing a fox."

■. Be that as it may, we are clear to the conclusion that if the evidence in the Coxe case, supra, the defensive portion of which merely tended to show that no member of the train crew saw the dog that was killed, was sufficient to overcome the rule as to burden of proof, then certainly the evidence presented by the defendant in this case was likewise sufficient to do so.

This being so, the burden was then upon the plaintiff to produce evidence tending to show that the train crew saw the dog, and should reasonably have known that it was helpless or indifferent. Failing in this the plaintiff has not met the obligation cast upon him in every case to establish his claim by a preponderance of the evidence, and the defendant was entitled to have granted his request for the affirmative charge.

The case of Louisville & N. R. Co. v. Sturdivant, 21 Ala.App. 24, 104 So. 868, apparently enunciates a doctrine in conflict with the doctrine of the Coxe, Owen, and Jones cases, supra. These latter cases being Supreme Court cases, their doctrines are of course binding on us, and authoritative.

Several other points are argued in appellant's brief. Being of the opinion that the points above discussed by us are decisive of this case, we, in the interest of brevity have refrained from writing to these additional points and reserve consideration of them.

Because the lower court's refusal of the affirmative charge requested by the defendant below in our opinion constituted error, this cause must be reversed.

Reversed and remanded.

BRICKEN, Presiding Judge, not sitting.