78 So.2d 661

## ATLANTIC COAST LINE RAILROAD COMPANY

v.

### E. E. VISE.

7 Div. 228.

Supreme Court of Alabama.

March 10, 1955.

Stringer & Montgomery, Talladega, for petitioner.

Dixon, Wooten & Boyett, Talladega, opposed.

LAWSON, Justice.

E. E. Vise sued the Atlantic Coast Line Railroad Company in the circuit court of Talladega County to recover damages for negligently killing his dog. Vise recovered a judgment in the sum of $100, which judgment was affirmed by the Court of Appeals.

Writ of certiorari was issued out of this court to review the opinion of the Court of Appeals on the application of the Atlantic Coast Line Railroad Company, hereafter referred to as the defendant.

Our review is limited to the holdings of the Court of Appeals which are sufficiently argued here in brief filed with the application for certiorari. Walker v.

Ingram; 251 Ala. 395, 37 So.2d 685; Bradford v. Harris, 251 Ala. 386, 37 So.2d 677.

The defendant contends that the Court of Appeals erred in holding that it was not entitled to a directed verdict.

A verdict may be directed for a defendant where by the undisputed evidence the plaintiff has not shown that he is entitled to recover on his complaint. Stevens v. Deaton Truck Line, Inc., 256 Ala. 229, 54 So.2d 464, and cases cited. See Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77.

The Court of Appeals held, in effect, that the defendant was not entitled to a directed verdict, although the plaintiff offered no evidence tending to show that the injury to his dog resulted from the negligence of the defendant, because the plaintiff's evidence going to show that the dog was killed by defendant's train made out a prima facie case of liability against the defendant, putting upon it the burden of showing "that there was no negligence on the part of the company or its agents." § 173, Title 48, Code 1940.

This holding of the Court of Appeals is in accord with the following decisions of this court: Southern Ry. Co. v. Harris, 207 Ala. 534, 93 So. 470; Louisville & N. R. Co. v. Watson, 208 Ala. 319, 94 So. 551; Alabama Great Southern R. Co. v. Wedgworth, 208 Ala. 514, 94 So. 549; Louisville & N. R. Co. v. Carter, 213 Ala. 393, 104 So. 754; Louisville & N. R. Co. v. Green, 222 Ala. 557, 133 So. 294; Louisville & N. R. Co. v. Martin, 223 Ala. 410, 137 So. 25.

In Louisville & N. R. Co. v. Coxe, 218 Ala. 25, 117 So. 293, it was pointed out that the rule under the burden of proof statute must be considered in view of the different degrees of care due to be observed as to dogs from that of stock or cattle, citing Hines v. Schrimscher, 205 Ala. 550, 88 So. 661; Nashville, C. & St. L. Ry. Co. v. Jones, 209 Ala. 250, 96 So. 79; Alabama City, G. & A. R. Co. v. Lumpkin, 195 Ala. 290, 70 So. 162. See also Owen v. Southern Ry. Co., 222 Ala. 499, 133 So. 33, as to the different degrees of care due to be observed as to dogs from that as to stock or cattle.

In Louisville & N. R. Co. v. Green, supra, Chief Justice Anderson, writing for the court, pointed out that the case of Louisville & N. R. Co. v. Coxe, supra, is not contrary to the rule announced in the cases heretofore cited concerning the applicability of the burden of proof statute where the plaintiff shows that his dog was injured or killed by the defendant railroad.

We are of the opinion that the holding of the Court of Appeals is in accord with the holdings of this court and that the judgment of that court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.