(81 South. 852)

## MATTHEWS TURPENTINE CO. v. KEEFE.
### (4 Div. 563.)

(Court of Appeals of Alabama. May 6, 1919.)

NEW TRIAL ⊙➞71—TRIAL ⊙➞143—CONFLICTING TESTIMONY—VERDICT—CONCLUSIVENESS.

Where plaintiff was the only witness in his behalf, and his statements, if believed, were sufficient to justify a verdict against the defendant, and all his material statements were contradicted by defendant's witnesses, it was not error to decline to give the general charge or refuse to disturb the verdict.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by J. J. Keefe against the Matthews Turpentine Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Powell, Albritton & Albritton, of Andalusia, for appellant.

A. Whaley, of Andalusia, for appellee.

BRICKEN, J. This was a suit to recover damages for the breach of a contract for personal services. The case was tried before a jury, and there was a verdict for the plaintiff.

For all practical purposes there are but two assignments of error, based; respectively, upon the court's refusing to give the affirmative charge for the defendant, and overruling the defendant's motion for a new trial.

We have read with care all of the evidence upon which this cause was tried. The testimony is in sharp conflict as to every issue involved, as is most usually the case in litigation of this sort. The plaintiff was the only witness in his behalf, and his statements as to the existence of the contract, set out in the complaint, as to the fact of his employment, and as to his wrongful discharge by the defendant, were sufficient, if believed by the jury, to justify the verdict rendered against the defendant. To be sure, all the material statements of the plaintiff were contradicted by the witnesses of the defendant, making the whole controversy one peculiarly fitted for the determination of a jury.

The court did not err in declining to give the general charge for the defendant, and the court was likewise not in error in refusing to disturb the verdict returned in this case by the jury. Shipp v. Shelton, 193 Ala. 658, 69 South. 102.

Let the judgment of the lower court be affirmed.

Affirmed.

---

(81 South. 852)

## NORTHERN ALABAMA RY. CO. v. GANTT.
### (8 Div. 602.)

(Court of Appeals of Alabama. April 8, 1919.)

1. RAILROADS ⊙➞419(2)—INJURY TO ANIMALS ON TRACKS—DOGS—DUTY OF ENGINEERS.

A locomotive engineer, seeing a dog on the track, is entitled to act on the presumption that it will get out of the way, provided there is nothing in circumstances to indicate that the dog is helpless or indifferent to its surroundings.

2. RAILROADS ⊙➞446(10)—KILLING OF DOG—FAILURE TO WARN—QUESTION OF FACT.

Where a dog was seen by defendant's engineer trotting along the middle of defendant's tracks, apparently indifferent to its surroundings and far enough ahead of the engine to have avoided death, had it been warned, and the engineer did not sound an alarm or slacken speed, the question of negligence was one of fact.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by Thomas Gantt against the Northern Alabama Railway Company, for damages for the killing of ·a· dog, tried by the court without a jury. From a judgment for plaintiff, defendant appeals. Affirmed.

J. H. Bankhead, Jr., and M. E. Nettles, both of Jasper, for appellant.

Travis Williams, of Russellville, for appellee.

SAMFORD, J. [1, 2] The rule governing cases of this kind is declared to be:

"A motorman [or engineer] who sees a dog on or dangerously near the track ahead is entitled to act, or to refrain from acting, upon the presumption that it will get out of the way in time to avoid danger, or that it will not move into danger, provided there is nothing in the circumstances to indicate to a reasonably prudent operative that the dog is helpless to extricate itself from danger, or that it is indifferent to its surroundings." Ala. City G. & A. Ry. Co. v. Lumpkin, 195 Ala. 290–294, 70 South. 162, 164, and authorities there cited.

In the instant case, according to the testimony of plaintiff's witness, the dog was trotting along in the middle of defendant's track, ahead of the engine, apparently indifferent to its surroundings, and far enough ahead of the engine to have avoided death, if it had been warned; of the danger. The engineer did not sound any alarm or slacken speed. The engineer admits seeing the dog, but claims to have blown the whistle and slowed the speed of the train. The question of negligence was one of fact for the court, and we are not prepared to say from this record that its finding was clearly error.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

⊙➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes