1 So.2d 760

## LAMAR LIFE INS. CO. v. KEMP.

### 6 Div. 716.

Court of Appeals of Alabama.
March 18, 1941.

Rehearing Denied April 22, 1941.

Coleman, Spain, Stewart & Davies and Frank M. Young, all of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

RICE, Judge.

Action for damages by plaintiff, Jack Kemp, a minor, suing by his next friend and mother, Myrtle Kemp, against Lamar Life Insurance Company, a corporation.

The plaintiff based his action on the negligence of defendant (appellant) in the operation and maintenance of a building, causing plaintiff to fall down the elevator shaft.

Appellant's able counsel have seen fit—while stoutly contending that the evidence was insufficient to sustain the verdict of the jury—to make no "condensed recital of the evidence in narrative form," in accordance with Supreme Court Rule of Practice 10. We will not undertake to do so.

It is perhaps enough that we say that no question is presented with reference to the pleading in the case; and none that we believe entitled to notice here with regard to the admission or rejection of testimony.

As we read the brief filed here on behalf of appellant, its main—if not altogether sole—*serious* contention is that the trial court erred to a reversal in failing to grant its motion to set aside the verdict of the jury because it was opposed to the great weight of the evidence. It is not even contended that plaintiff's (appellee's) testimony did not make out a case against appellant fit to be submitted to the jury in the first instance.

It is of course the law that "where the preponderance of the evidence is against the verdict and so decided that the court is convinced that it is wrong and unjust, a new trial should be granted." Byars v. Hollimon, 228 Ala. 494, 153 So. 748; Carraway v. Graham, 218 Ala. 453, 118 So. 807, and other cases collected in the appellant's brief filed here.

Likewise is it well understood that " 'this court has not renounced its duty nor neglected its power' * * * 'to revise the verdicts of juries and the conclusions of trial judges on questions of fact, where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach a clear conclusion that the finding and judgment are wrong.' " Carraway v. Graham, supra [218 Ala. 453, 118 So. 811]; Twinn Tree Lumber Co. v. Day, 181 Ala. 565, 569, 61 So. 914, 915.

But it is also true that "the findings of a trial court are, on appeal, presumptively correct; and the burden is upon the appellant to show error. The verdict of a jury and the judgment of a trial court are solemn things; and they should not be overturned by an appellate court, unless a good, legal reason therefor is shown." Girardino v. Birmingham Southern R. R. Co., 179 Ala. 420, 60 So. 871, 872.

Applying the principles quoted above, all of them, we are unable to reach the conclusion here that the judgment against appellant should be reversed.

The testimony of appellee, it is true, was violently contradicted by that on behalf of appellant. And, "counting noses," it was far outweighed by same.

But, unfortunately for appellant, that is not the way evidence is weighed.

Applicable here is the language used by Judge Bricken—now our Presiding Judge—in the case of Matthews Turpentine Co. v. Keefe, 17 Ala.App. 74, 81 So. 852. We quote and adopt it, to-wit: "The plaintiff was the only witness in his behalf, and his statements * * * were sufficient, if believed by the jury, to justify the verdict rendered against the defendant. To be sure,

140

all the material statements of the plaintiff were contradicted by the witnesses of the defendant, making the whole controversy one peculiarly fitted for the determination of a jury."

■ Likewise applicable here is the language of our Supreme Court in the opinion in the case of Sloss-Sheffield Steel & Iron Co. v. Bearden, 202 Ala. 220, 80 So. 42, 44, which we quote and adopt—merely substituting $750, the amount of the verdict in the instant case, for $4,000, the amount of the verdict in that case, where same appears in the quoted excerpt—to-wit: "The appellant earnestly insists that the court erred in overruling the motion for new trial, with particular reference to these grounds thereof: That the verdict was opposed to the overwhelming weight of the evidence, and that the verdict of $750 was excessive. The review here, in this aspect, is of the action of the trial court in the premises. It was open to the jury to accept, to give credence to the plaintiff's evidence, as opposed to that of the several witnesses for the defendant. The trial court saw and heard all of these witnesses. The acceptance of plaintiff's version of the circumstances surrounding his injury and of the character and extent thereof justified, it is readily conceivable, the conclusions prevailing with the jury. Under the rule of Cobb v. Malone, 92 Ala. 630, 9 So. 738, this court is not convinced that error was committed by the court in overruling the motion for new trial."

We seem to have said enough.

The judgment is affirmed.

Affirmed.