124 So.2d 438

Ruby C. HOUGESEN

v.

William HOUGESEN.

I Div. 869.

Supreme Court of Alabama.

Nov. 17, 1960.

Moody & Higgins, Mobile, for appellee.

Leon Duke, Mobile, for appellant.

SIMPSON, Justice.

This is an appeal from a decree of the Circuit Court of Mobile County, in equity, denying complainant's bill for divorce, a vinculo matrimonii, on the ground of cruelty. Complainant also sought the custody of

their ten year old child, and error is assigned with respect to that phase of the decree.

The case was heard ore tenus by the trial court.

The court decreed that the custody of the minor child, William Roger Hougesen, be awarded to his father, appellee, with the right of the mother, appellant, to have the child visit her on alternate week ends at the home of the maternal grandparents. Another motion for custody was subsequently filed but the court denied the motion and reaffirmed its previous order of visitation.

 It is well understood that where the trial court hears testimony in open court its findings of fact are to be accorded the same weight as the verdict of a jury and this court will not disturb those findings unless palpably wrong. Horton v. Gilmer, 266 Ala. 124, 94 So.2d 393; Rudicell v. Rudicell, 262 Ala. 41, 77 So.2d 339.

The evidence on the question of whether or not the appellee committed actual violence on the person of appellant is strictly contradictory. Our cases are clear that a divorce .on the ground of cruelty is justified only when physical violence endangering the life or health of the complainant has occurred or is reasonably apprehended. Campbell v. Campbell, 252 Ala. 487, 41 So.2d 185. The only legal evidence offered on behalf of complainant showing such violence was by the appellant herself. She testified that appellee beat her prior to separation and subsequently after their separation, in appellee's car. Appellee, of course, denied this, and according to the testimony of witnesses, one of whom was in the car when the appellee is alleged to have hit appellant, they had never seen any acts of violence committed against appellant by appellee.

The burden of proof, of course, was upon complainant to reasonably satisfy the trial court of the truth of her charge. Hammon v. Hammon, 254 Ala. 287, 48 So.2d 202. Upon careful consideration of the entire record, we cannot say with any degree of certainty that the evidence so supported her charge that the findings of the trial court to the contrary were palpably wrong.

With respect to the claimed error in the awarding of custody, we are likewise unconvinced that the trial court was in error in awarding the custody to the father. The best interests of the child is the supreme concern, and the trial court who heard all the testimony is better advantaged than we to make that decision.

We find no error in the record.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.