168 So.2d 247

Bertha M. BROWN

v.

Howard B. BROWN.

2 Div. 448.

Supreme Court of Alabama.

Oct. 22, 1964.

Chas. H. Wills, Atlanta, Ga., and David M. Hall, Eutaw, for appellant.

Pruitt & Pruitt, Livingston, for appellee.

## PER CURIAM.

Complainant in the court below brings here for review the final decree of the Circuit Court, in Equity, Greene County, which denied her prayer in a bill of complaint to vacate and set aside a warranty deed by which she, on September 6, 1961, conveyed to her husband (appellee) all her right, title and interest as a joint tenant with him in certain real property described in the deed.

The gravamen of the complaint is that through threats and cruelty, and by fear and intimidation, grantee forced appellant to convey to him her interest in all of the described real estate; also that the deed was the result of undue influence that her husband exerted on her at the time and before execution of the instrument; that the deed was not her own act, nor of her own free will and accord; that the consideration for said deed running to her from her husband was inadequate; that the entire transaction was inequitable to her; that she did not have the benefit of competent, independent advice; and that she did not know the approximate value of the property being conveyed.

Appellant complains in her first assignment of error that the final decree of the trial court denying her relief is contrary to the great preponderance of the evidence; in her second and third assignments that the trial court erred in finding and rendering judgment against her. Each of the latter two assignments outlines some factual contentions why there was error. These outlines appear to be factual arguments which were included in appellant's brief.

We observed in Life Association of America v. Neville, 72 Ala. 517(6):

"* * * While we fully recognize the principle, that whenever the evidence in a cause leaves a disputed fact in doubt and uncertainty, the issue must be found against the party upon whom the burden of proof rests; yet courts and juries should rather weigh than count the testimony of witnesses, and a decree or verdict should never be found by them on a mere preponderance which fails to produce a proper conviction or satisfaction in their minds, if, indeed, such conviction can, strictly speaking, ever be said to exist, in the absence of a preponderance of the evidence. * * *" (72 Ala. 521–522)

We also quote from Timmerman et al. v. Martin, 234 Ala. 622, 176 So. 198(6):

"If we should be controlled in determining this question by mere numbers of witnesses, and not by the degree of conviction of the different witnesses the testimony produces upon the judicial mind, we would be forced to conclude that the complainants did not meet and carry the burden of proof that the law placed upon them. However, the courts do not merely count witnesses in determining any given question, but must be guided by the conviction produced upon the judicial mind by the witnesses examined. Testes ponderantur, non numerantur—witnesses are weighed not numbered.

Kansas City, M. & B. R. Co. v. Crocker, 95 Ala. 412, 11 So. 262. 'Courts and juries should rather weigh than count the testimony of witnesses.' Graham v. State, 92 Ala. 55, 9 So. 530; Life Ass'n v. Neville, 72 Ala. 517, 521; 23 C.J. § 1755, p. 20." (234 Ala. 625, 176 So. 200)

Also see Lamar Life Ins. Co. v. Kemp, 30 Ala.App. 138, 1 So.2d 760(5), wherein the Court of Appeals correctly stated as follows:

"The testimony of appellee, it is true, was violently contradicted by that on behalf of appellant. And, 'counting noses,' it was far outweighed by same.

"But, unfortunately for appellant, that is not the way evidence is weighed.

"Applicable here is the language used by Judge Bricken—now our Presiding Judge—in the case of Matthews Turpentine Co. v. Keefe, 17 Ala.App. 74, 81 So. 852. We quote and adopt it, to-wit: 'The plaintiff was the only witness in his behalf, and his statements * * * were sufficient, if believed by the jury, to justify the verdict rendered against the defendant. To be sure, all the material statements of the plaintiff were contradicted by the witnesses of the defendant, making the whole controversy one peculiarly fitted for the determination of a jury.' " (30 Ala.App. 139–140, 1 So.2d 761–762)

The case at bar was heard ore tenus by the trial judge pursuant to § 372, Title 7, Code 1940, as amended by Act No. 101, General Acts of 1943, p. 105; also found in § 372(1), Title 7, Recompiled Code of 1958.

■ We have carefully read the text of all the evidence adduced by both parties before the trial court. While appellant had a plurality of witnesses who testified favorably to her on the issues of fact raised by the pleading, appellee introduced some witnesses, though fewer in number, which injected conflicts for the trial court to decide. We are unwilling to say, after reading the evidence, that the trial court was clearly and palpably wrong in its evaluation of the evidence and to hold that the decree was contrary to the great preponderance of the evidence as that term is defined by our courts; nor are we willing to say that the trial court erred in finding and rendering judgment against appellant, which is the subject of the second and third assignments of error.

■ We do not necessarily mean to say that we are in accord or in disagreement with the decree of the trial court. We did not see or hear the witnesses. Such observation often is quite an important factor in reaching a correct evaluation of the evidence. This court will indulge all favorable presumptions to sustain the trial court's conclusions and will not disturb them unless palpably erroneous and manifestly unjust. Sieben v. Torrey et al., 252 Ala. 675, 42 So.2d 621(6). Nor will we "substitute our judgment on the effect of the evidence dealing with a pivotal question of fact for that of the trial court." Hooper v. Fireman's Fund Ins. Co., 272 Ala. 145, 130 So.2d 3(4); Krieger v. Krieger, 276 Ala. 466, 163 So.2d 623(5).

Assignment of error No. 4 states that the trial court erred in refusing to allow complainant to testify on direct examination as to events occurring on September 11, 1961, to-wit:

"Q. What occurred, if anything, having a connection with this deed on September 11, 1961.

"COURT: Wait just a minute. We can't go into that because that is another matter. Anything that relates to the deed, what was said about the deed, the Court will permit.

"MR. WILLS: Your Honor, the reason I bring that up is because the answer brings into issue so clearly that the deed was part and parcel of the divorce.

"COURT: She may testify as to what was said about the deed. The Court will permit that."

We have held in Farish v. Hawk, 241 Ala. 352, 2 So.2d 407(6), that when in an equity trial the court overrules an objection to illegal evidence, it shows that he considered illegal evidence and, therefore, the presumption that he only considered legal evidence does not apply.

By the same token, if the court *ex mero motu* or otherwise precludes the adduction of competent and lawful testimony in the trial ore tenus of an equity case, or that which would shed light on the issues raised by the pleading, such ruling would be prejudicial and reversible error if the evidence was conflicting. The party against whom the ruling is made would not get full benefit of the ore tenus rule promulgated by § 372(1), Title 7, Code 1940.

We think there was no error in the *ex mero motu* action of the trial court in precluding an answer to the question. The question is very general and leaves to the witness to say whether or not the occurrences sought to be inquired about had any connection with the deed, which is the subject of this litigation. The question calls for a conclusion and was inadmissible if for no other reason. The deed was executed on September 6, 1961, and the incidents inquired about occurred on September 11th following such date of execution.

### Assignment of Error No. 5

Appellant complains of error in this assignment because the trial court sustained respondent's objection to a question propounded to complainant about alleged beatings by her husband between December 6, 1960, and the end of May, 1961.

If there was any error in this ruling, it was cured when appellant on cross examination testified as to such alleged beatings between said dates. Rule 45, Revised Rules of the Supreme Court.

### Assignment of Error No. 6

The evidence stated in this assignment, objection to which the court *ex mero motu* precluded, was later adduced by complainant. The ruling of the trial court, if error, was error without injury. Rule 45, Revised Rules of the Supreme Court.

### Assignment of Error No. 7

This assignment is predicated on an alleged error of the trial court in refusing to let appellant show that she had never received any release from any mortgagee or creditors on the property involved in the deed.

The court correctly ruled that this evidence was immaterial. A part of the consideration expressed in the deed was an assumption by the grantee of all mortgage indebtedness on the described property. We find from the record that there was no indebtedness on the property that the grantee of the deed assumed. Appellant signed the mortgage on the property, which was given as security for a debt exclusively that of appellee. The evidence of the vice-president of mortgagee bank was that appellee signed the note evidencing the debt and that appellant did not sign. There was no debt of appellee from which she could be released.

### Assignment of Error No. 8

Appellant complains by this assignment of error that the "Trial Court erred sustaining an objection by the Respondent to the admission of evidence concerning Complainant's state of mental and physical health immediately following the deed of conveyance involved in this suit, which was executed by Complainant on September 5, 1961, and the divorce between the parties, which occurred on September 12, 1961, * * *" As a part of the assignment the following is set out:

"Q. Have you been under the treatment of any physician or medical specialist since you have been in Atlanta?

"MR. PRUITT: We object to that, your Honor.

"A. Yes sir.

"COURT: What is the relevancy.

"MR. WILLS: I'm leading up to the emotional state. She's had psychiatric care and shock treatment since this occurred.

"MR. PRUITT: We object. It is not alleged in the Complaint that she was of unsound mind.

"COURT: I can't see the relevancy that that has to do with the relationship to the execution of the deed. What had she [sic] subsequently has nothing to do with it.

"MR. WILLS: The reason I'm bringing it in is to show it is almost like a combat soldier. You have to rehabilitate them.

"COURT: If it pertains to her mental condition at the time of the execution of the instrument, that is a different matter, but I don't see any allegation to that effect. The allegation in the bill is threats and being put in fear and so forth. The Court thinks that is getting a little far afield."

The assignment shows that the witness answered "Yes" to the question. This answer was never excluded. There were no other specific questions propounded as to the extent and nature of the treatment; nor was there any offer to show specific treatment, by whom and the nature thereof. We would not put the trial court in error for suggesting without a ruling that complainant was "getting a little far afield."

We will not burden this opinion with a delineation of the evidence that was taken. Suffice it to observe that the trial court by denying complainant relief as prayed in the complaint resolved the factual allegations and conflicts of evidence in favor of respondent-appellee.

The decree of the trial court is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.