231 So.2d 904

**Jeanette Byrd WATKINS**

v.

**Charles Edwin WATKINS.**

**5 Div. 2.**

Court of Civil Appeals of Alabama.

Feb. 18, 1970.

---

**452**

Alton, Curlee & Leavell, Montgomery, for appellant.

Howard & Dunn and Reneau & Reneau, Wetumpka, for appellee.

WRIGHT, Judge.

This case began in the Circuit Court of Elmore County, In Equity. Bill of complaint was filed by Jeanette Byrd Watkins (appellant here) against Charles Edwin Watkins, (appellee). Prayer was for divorce on ground of actual violence, and custody of minor children. Cross-complaint was filed against appellant by appellee on ground of adultery, and custody of children was prayed for. No demurrer was filed as to either original bill of complaint or cross-complaint. No answer was filed to cross-complaint.

The evidence was heard orally by the court and a decree was entered in favor of cross-complainant-appellee, and against cross-respondent-appellant. By the decree, the bonds of matrimony were dissolved between the parties on the ground of adultery of appellant, and custody of the children was granted to appellee with visitation rights to appellant.

It is from the decree, and certain rulings on admission of evidence and motion to exclude evidence, that this appeal was taken.

■ There are 712 pages, other than assignments of error, in the record. There were 58 assignments of error, of which 22 are not mentioned in brief and are considered waived—Rule 9, Supreme Court Rules. There remain 36 assignments in the appellant's brief. There were six separate arguments in the brief.

Appellant adopts the argument on assignment of error #6 as to 19 other assignments. The argument on assignment 10 is adopted as to 10 other assignments.

There is, in reality, only two basic assignments of error. These, in this Court's view are 1. There was insufficient evidence to support the decree—2. The court erred in excluding, on motion of appellee, the following testimony of the witness, Mrs. Ethel H. Rucker, "If there is a nicer, clearer man in Elmore County than Ralph Till, I don't know it."

It was seemly for appellant to adopt the argument as to assignment of error 6 to nineteen other assignments, because they all had been argued under assignment 6. The argument on assignment of error 6 covered 32 pages in appellant's brief, and included 6 largely unrelated propositions of law.

Assignment of error 6 was as follows: "The trial court erred in dissolving the bonds of matrimony between the parties."

■ Let us say first, that this assignment of error is too general to require consideration on appeal. It does not meet the requirement of Supreme Court Rule, 1, Revised Rules of the Supreme Court. Purvis v. Ennis, 258 Ala. 174, 61 So.2d 451.

In addition, appellant's argument in brief in support of this assignment of error begins with an attack on the form of the decree, in that it fails to specifically state that an absolute divorce is granted, and merely declares that the bonds of matrimony between the parties are dissolved. It

is then argued that a divorce cannot be granted on proof of adultery which has been shown to be condoned. Next, it is contended that the decree is bad because the court misapplied the law to the facts. It is further contended under this same general assignment, that the evidence was insufficient for the court to have granted a divorce on the grounds of adultery. (If these divergent charges are insufficient, the failure of the cross-bill as a proper pleading is argued though its sufficiency was never tested by demurrer in the court below.)

Due to the wide range of this argument we must conclude that it is, in truth, an argument of several unrelated assignments of error in bulk.

The rule is that where unrelated assignments of error are argued in bulk, and one assignment is not well taken, no reversible error appears. Henry v. Jackson, 279 Ala. 225, 184 So.2d 133; Pierson v. Busby, 279 Ala. 201, 183 So.2d 796.

■ In spite of assignment of error 6 being too general to require consideration, we shall consider the application of the propositions of law raised by appellant to the decree of the court. It is not our purpose to evade answering issues raised on appeal, even though not in full compliance with rules of procedure.

■ It is first contended that the decree is insufficient to grant a divorce because it states only "the bonds of matrimony are hereby dissolved." We disagree. Black's Law Dictionary, Revised Fourth Edition, defines divorce as, "The legal separation of man and wife, effected, for cause by the judgment of a court, and either totally dissolving the marriage relation, or suspending its effects * * *" It further defines divorce a vinculo matrimonii; "A divorce from the bond of marriage. A total divorce of husband and wife, dissolving the marriage tie, and releasing the parties wholly from their matrimonial obligations."

We have not been cited to, nor has our research revealed any case in this jurisdiction, requiring the presence of the word "divorce" in the court's decree. "Decrees are construed like any other written instrument and it is proper to look to the record and pleadings to interpret the decree." Johnson v. Harrison, 272 Ala. 210, 130 So. 2d 35.

The decree in this instance is clear as to its meaning and effect, and is legally sufficient in form as against the defect charged.

■ The next proposition of law stated in support of assignment of error 6 is: "a decree of divorce cannot be awarded for an act or acts of adultery condoned by the other party to the marriage." It is contended that the trial court based its decree, at least partially, on evidence as to acts of adultery committed by appellant but condoned by appellee. The real complaint here is the admission into evidence of such acts, confessed publicly, by appellant, but which occurred some five or six years prior to the filing of this action. It was clear that appellee had condoned all or part of these acts.

There was no error in admission of this testimony, as it was of importance for the consideration of the court as to the fitness of appellant to have custody of the minor children. In the case of Cunningham v. Cunningham, 278 Ala. 90, 176 So.2d 22, the Supreme Court stated the following: "If the wife was guilty of adultery which was unknown to the husband and not condoned by the reconciliation, the husband should have been permitted to show it as bearing on the question of the custody of the children * * *"

■ This statement came from a case in which adultery was not the ground of the husband's suit for divorce. We are compelled by the general rule, that the best interest of the children is the supreme concern, Hougesen v. Hougesen, 271 Ala. 452, 124 So.2d 438; Parks v. Parks, 157 So.2d

212, 275 Ala. 613, to go further than the quoted statement in Cunningham v. Cunningham, supra. We believe in a case in which suit is brought upon grounds of adultery, that prior acts of adultery, even though condoned and therefore not available as grounds for divorce, are nevertheless admissible for the purpose of consideration by the court in determining fitness of the offending party to have custody of minor children. Further, it has been held that a renewal of the complaint revives the right of the condoning party to insist upon the former offense. Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737.

The allegation by appellant that it unduly influenced the court in its determination of guilt of other acts of adultery charged to appellant and not condoned, is but a mere unsupported conclusion of appellant.

Appellant next contends, under assignment of error 6, that the evidence was insufficient to sustain the charge of adultery, and though the testimony was heard ore tenus by the court, the court misapplied the law to the facts.

As stated heretofore, there were 712 pages in the record. There were 146 pages in appellant's brief, and 88 pages in appellee's brief. We have read and considered them all. We do not feel constrained now to recite those portions of the evidence which are sufficient, in our opinion, to support the finding of the trial court. It is enough to say that there was more than sufficient evidence, though circumstantial it might largely be, to prevent this Court on review from holding the trial court plainly and palpably wrong.

"In a case in equity, trial court's findings of fact are like unto jury's verdict, and presumptively correct." Brown v. Oldham, 263 Ala. 76, 81 So.2d 331.

"Presumption is indulged in favor of trial court and its findings and decree will not be disturbed unless palably wrong." McCary v. McMorris, 265 Ala. 493, 92 So.2d

319; Brown v. Brown, 277 Ala. 217, 168 So.2d 247.

The fact that the evidence was largely circumstantial does not adversely affect its sufficiency to support the decree. It has been said that adultery, being an act of darkness and great secrecy, can hardly be proved by direct means; that presumptive evidence alone is sufficient proof; and the only general rule that can be laid down is that the circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion of guilt. Stephens v. Stephens, 233 Ala. 178, 170 So. 767; Russell v. Russell, 270 Ala. 662, 120 So.2d 733; Rudicell v. Rudicell, 262 Ala. 41, 77 So.2d 339.

Appellant, still under assignment of error 6, submits that the cross-bill was insufficient to support the decree, in that it charged adultery by appellant with persons unknown, and at times and places unknown to appellee, when the evidence disclosed that the persons and times and places were known to appellee. This contention is made even though there was no demurrer filed, and it is admitted that such pleading is permissible under equity rules. We shall give this contention the attention it deserved. There was no error here. Appeal lies only to review adverse rulings of the trial court. Morris v. Yancey, 272 Ala. 549, 132 So.2d 754; Gilmore v. Lee, 282 Ala. 182, 210 So.2d 415.

This same authority is decisive of appellant's argument that the appellant was not designated by name in the cross-complaint, except in the prayer.

Assignment of error number 10 attacks that part of the decree awarding custody of the four minor children to appellee. Assignment 23 does the same, but only as to the custody of the 12-year-old girl, Jane Watkins. We cannot hold that the court was plainly and palpably wrong in awarding custody of any, or all, of the children to appellee. There is no evidence whatever in the record that appellee is not a fit and

proper person to have custody—quite to the contrary.

 Assignment of error 34 charges error in the court granting appellee's motion to exclude the following statement by a witness of appellant, "If there is a nicer, cleaner man in Elmore County than Ralph Till, I don't know it."

This witness, at the time of the statement, was giving testimony as to the good character and reputation of Ralph Till, the alleged co-participant in an act of adultery charged to appellant. The witness, Till, on cross-examination, had denied making certain incriminating statements at the time he was found by appellee and witness, Charles Wood, in the company of appellant, in an automobile in the woods at night. This could have been considered to be a predicate for impeachment. Appellant, as a part of her case in chief, put several witnesses on the stand who testified as to witness Till's good general reputation in the community. One of those witnesses was a Mrs. Rucker, who in response to a question on direct examination as to whether the reputation and standing of witness Till in the community was good or bad, gave the above quoted answer.

The question had been objected to by appellee, and his objection overruled. Motion to exclude the answer was made on the ground of being non-responsive, and the motion was granted. The answer was clearly not responsive to the question and was properly excluded. In addition, the same question was put again and answered. There could be no injury to appellant by the court's ruling—Rule 45, Supreme Court Rules.

The fact that no impeachment of witness Till had yet occurred at the time of introduction of testimony as to good character or reputation, and that such testimony without impeachment was merely an effort to bolster his testimony, and therefore improper, could support the court's ruling, but is not necessary to our decision. Lassiter v. State, 35 Ala.App. 323, 47 So.2d 230, cert. denied, 254 Ala. 5, 47 So.2d 233;

Funderberg v. State, 100 Ala. 36, 14 So. 877.

We have adequately covered all of the argued assignments of error and the issues raised thereunder, even though not presented to this Court in proper form. We find no error in the trial below and the decree rendered. The decree is therefore in all respects

Affirmed.