277 So.2d 614

**Doris Faye RAY**

v.

**Wallace RAY.**

**Civ. 178.**

Court of Civil Appeals of Alabama.

May 9, 1973.

Holliman & Hardy, Bessemer, for appellant.

Lipscomb & Lipscomb, Bessemer, for appellee.

WRIGHT, Presiding Judge.

This appeal comes from a decree granting a divorce to appellee. By the decree, appellant was given the custody of the three minor children of the marriage, together with support for each in the amount of $50.00 per month. Appellant was given the right to possession of the home and household goods during the minority of the children. She was given title to a 1969 Volkswagen automobile. The appellee was given all interest and title to certain real estate jointly owned by the parties and required to pay the mortgage payments and taxes on the home.

The case below began with a bill of complaint by appellee for divorce on the ground of incompatability. This was answered with a cross-complaint by appellant for a divorce on the grounds of cruelty and adultery.

The court took extensive testimony ore tenus and rendered the decree divorcing appellee from appellant. The decree does not state the ground upon which the divorce was granted, but this omission is not presented on this appeal.

■ Appellant has made four assignments of error. None of the assignments are sufficient to invoke the appellate jurisdiction of this court. Supreme Court Rule 1. Watkins v. Watkins, 45 Ala.App. 450, 231 So.2d 904; Smith v. Smith, 279 Ala. 570, 188 So.2d 530. They appear as follows:

(1) The trial court erred in granting a divorce to complainant, as both complainant and cross-complainant had sufficient grounds for divorce, hence no divorce should have been granted.

(2) The trial court erred in rendering and entering on December 20, 1972, a decree of divorce in favor of Wallace Ray, complainant against Doris Faye Ray.

(3) The trial court erred in not granting relief requested by cross-complainant in her cross-bill.

(4) The trial court erred in not awarding attorney fees for attorney for respondant, cross-complainant.

The Supreme Court of this state has as of April 23, 1973, adopted Rule 52 to the

Supreme Court Rules, the purpose of which is to prevent application of many prior cases in which appeals have been disposed of on so-called "technicalities." However, such rule does not cure insufficiencies of assignments of error which fail to clearly point out action of the trial court sought to be made the basis of an appeal.

In addition to the failure to point with reasonable clarity the errors of the trial court, appellant has only argued two of the assignments in brief. Those are assignments one and two. Thus assignments three and four are waived. Supreme Court Rule 9.

It is clear that assignments one and two are premised upon matters of evidence, and in particular the sufficiency or insufficiency thereof. "Where the insufficiency of the evidence to sustain the decree is the basis of appeal, the 'Statement of the Facts' section of the appellant's brief shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely." Rule 9, Supreme Court Rules. Appellant has failed to follow Rule 9 in this respect. Some 150 pages of testimony in the transcript have been covered in five pages of statement of facts in the brief. There is no narration of the evidence of each witness as to the matter in issue.

Though the decree is due to be affirmed for the reason hereinabove stated, we would have affirmed as to the errors complained of in appellant's argument.

Appellant in argument states that she "assumes" appellee was granted a divorce on the ground of adultery. We do not make such assumption. Though much of appellee's evidence related to admissions by appellant of extramarital sexual affairs with two men, there was no ground in the appellee's bill of complaint on adultery. The only ground averred was incompatability. Appellant makes no attack on the sufficiency of the evidence to support that ground. Therefore we do not consider such here.

Appellant contends that appellee was not entitled to be granted a divorce on the ground of adultery because the evidence presented thereon consisted only of extrajudicial admissions of the appellant. It is true that extrajudicial confessions of a party without corroboration is insufficient for the granting of a divorce. Title 34, § 26, Code. Dawson v. Dawson, 240 Ala. 258, 198 So. 622; Watson v. Watson, 278 Ala. 425, 178 So.2d 819. However, there was evidence sufficiently corroborative of the admissions of appellant in the testimony of witness Castleberry, if believed by the trier of facts.

The doctrine of recrimination raised by appellant in brief and assignment of error one, if available under the new grounds of incompatability of temperament and irretrievable breakdown of the marriage, and we do not decide here if it is or is not, is necessarily applicable only if there is a finding of fact, or if the evidence is sufficiently strong and undisputed. It appears to us that the doctrine of recrimination can only be applied by the trial court in such cases. Only the trier of fact can weigh the evidence and determine the credibility of the witnesses. If this doctrine were otherwise applicable, there could never be a divorce granted after bill and cross-bill with supporting evidence as to the grounds charged in each.

In all cases where the court hears the evidence ore tenus, its decree is presumed correct on appeal and will not be reversed unless plainly erroneous and unjust, either in law or equity. Turner v. Turner, 46 Ala.App. 350, 242 So.2d 397; Porter v. Porter, 46 Ala.App. 22, 237 So.2d 507; Powell v. Powell, 285 Ala. 230, 231 So.2d 103. Our review of the evidence finds it sufficient to support the decree and that decree is

Affirmed.

BRADLEY and HOLMES, JJ., concur.