This appeal is from a divorce decree. We affirm.
The parties were married on September 21, 1972. In March of 1976 Mrs. Jernigan petitioned for divorce on the ground of irretrievable breakdown of the marriage. The court heard the evidence ore tenus and granted a divorce. It ordered Mr. Jernigan to pay $200 monthly alimony, awarded the family home and a 1975 Dodge Dart to Mrs. Jernigan, awarded property in Shelby and St. Clair counties and a 1970 Chevrolet truck to Mr. Jernigan, voided the transfer of $10,897.78 by Mr. Jernigan to his daughter as trustee, and directed such sum be held for satisfaction of the amounts due under the divorce decree, and awarded $1,200 to Mrs. Jernigan as an attorney's fee. Mr. Jernigan's motion for new trial was denied and he appeals.
Mrs. Jernigan was 59 years old at the time of trial. Prior to the marriage her left breast had been completely removed because of cancer. She informed Mr. Jernigan of her physical condition prior to the marriage. Since the marriage she has had a cancerous growth removed from her right breast and a nerve removed from one toe. She suffers from degenerative arthritis of both knees, lymphodema of the left arm which causes swelling and requires her to wear specially made clothing, and she has high blood pressure. At the time of the trial she was about to undergo surgery to remove her gall bladder. Mrs. Jernigan's doctor indicates she is permanently and totally disabled. She has not worked since her radical mastectomy in late 1972. Prior to that time she had been a clerical worker at a local hospital and earned approximately $5,000 a year. She now receives a monthly social security disability check of $184. Prior to the marriage she purchased a duplex in Birmingham, now valued at $10,000-$12,000; she rents one side for $60 a month. A daughter from a previous marriage resides rent-free in the other side. She testified she needed $250 more each month to meet her needs. She had a negligible amount in a checking account at the time of trial.
Mr. Jernigan was 62 years old at the time of trial. He was an electrician and earned an average of $11,000 each year from 1972 through 1975; at his last job he earned $364 a week without any overtime. An operation in 1975 resulted in the removal of a portion of his stomach. He apparently has not worked since that time but has drawn unemployment compensation of $90 per month. He stated he also suffered from a heart condition, emphysema and asthma but there was no other testimony to support these contentions. He is still listed on the register of his union as available for work and apparently does extensive work on his properties. Prior to this marriage he and his first wife had purchased 4.5 acres of land in Shelby County near the Riverchase development; he rents this for $125 a month. Testimony of value as presently used ranged from $15,000 to $32,000, but if put to a commercial use from $67,000 to $71,000. Upon his retirement he would be *Page 780 
entitled to receive social security benefits plus a union pension equal to two-thirds of those benefits. Mr. Jernigan testified he needed $200 each month for living expenses. At the time of trial he had $1,500 in a checking account.
After the marriage of the parties they purchased a home in Birmingham. Mr. Jernigan supplied $11,000 and Mrs. Jernigan $5,000 of the purchase price. Mrs. Jernigan purchased certain furniture and furnishings for the home. The home was valued at between $16,000 and $18,500.
Also after the marriage of the parties some five acres in St. Clair County were purchased for $6,000 with funds from a joint checking account. A house was moved there from another location and various improvements made on house and property. This property was valued at between $17,000 and $27,000.
Around the time Mr. Jernigan filed a prior divorce petition in 1975, he closed out accounts he had with his credit union ($4,309.07) and a savings account held jointly in his name and that of his first wife ($13,588.71). He gave $10,897.78 by cashier's check to his daughter who deposited it in a savings account with the daughter holding in trust for Mr. Jernigan.
We see no need to lengthen this opinion by a discussion of the marital relations here. There was sufficient evidence to indicate the parties were entitled to a divorce. Ray v. Ray,50 Ala. App. 155, 277 So.2d 614 (1973).
Mr. Jernigan first contends there was error in the award of any alimony to Mrs. Jernigan since they were married only a short time, she has a substantial separate estate and an income sufficient for her support and maintenance, and he is physically unable to work and pay the alimony.
In determining whether to award alimony, the criteria to be considered include the earning ability of the parties; their future prospects; their age, sex, health and station in life; the duration of the marriage; and the conduct of the parties relative to the cause of the divorce. Chancellor v. Chancellor,52 Ala. App. 10, 288 So.2d 794 (1974). The matter of alimony is largely discretionary with the trial court. Where the evidence was taken orally, the determination will not be reversed on appeal unless palpably wrong. Davis v. Davis, 274 Ala. 277,147 So.2d 828 (1962); Capra v. Capra, 56 Ala. App. 90, 319 So.2d 286
(1975).
Even though the parties were married for only a short time, Mrs. Jernigan has been in poor health for most of that time and will apparently need substantial and continuing medical care in the future. She has little prospect of future employment because of her disability. The trial court apparently concluded that Mr. Jernigan was able to work and on his normal income could afford to pay the alimony. Even if he were to retire, his benefits would be sufficient to meet his living expenses as well as pay the alimony. It also appears Mr. Jernigan was more responsible for the breakdown of this marriage than was Mrs. Jernigan. We thus find no palpable error committed by the trial court in awarding alimony.
The second contention of Mr. Jernigan is that the court erred in awarding the family home to Mrs. Jernigan without giving him one-half interest or reimbursing him for his contribution.
A division of property between the parties to a divorce is a matter resting largely in the discretion of the trial court, subject to reversal only for clear abuse or error. Mullinax v.Mullinax, 56 Ala. App. 676, 325 So.2d 185 (1976); Clary v.Clary, 56 Ala. App. 494, 323 So.2d 380 (1975). Mrs. Jernigan contributed substantially to the purchase of the home. She received between one-fifth and two-fifths of all the property held jointly and separately by the parties. We find no error in the award of the home to her.
Mr. Jernigan's third contention is that the court erred in setting aside the transfer in trust to his daughter. A court of equity in a divorce case has power to use any reasonable means to effect a just property *Page 781 
settlement and adjust the equities of the parties. Proschv. Prosch, 47 Ala. App. 33, 249 So.2d 855, cert. denied,287 Ala. 740, 249 So.2d 860-61 (1971). Mr. Jernigan admitted he transferred the money to his daughter to keep it from Mrs. Jernigan. His rental income and unemployment payments were sufficient to meet his living expenses. To provide alimony and attorney's fee the court voided the transfer and required him to use the sum to meet his liabilities under the divorce decree. We find no error in this matter as a court of equity seeks to do complete justice in respect to the matters and parties before it. Billingsley v. Billingsley, 285 Ala. 239,231 So.2d 111 (1970).
The final contention of Mr. Jernigan is that the court erred in awarding an attorney's fee because Mrs. Jernigan could afford to pay her own counsel. An allowance of an attorney's fee rests in the sound judicial discretion of the trial court, which must consider such factors as the labor and skill involved, the results of the litigation, and the earning capacities of the parties. Horsley v. Horsley, 50 Ala. App. 445,280 So.2d 150, cert. denied, 291 Ala. 782, 280 So.2d 155
(1973). The record reveals the expenditure of much time and effort by Mrs. Jernigan's attorney. The award of $1,200 is not excessive. Clutts v. Clutts, 54 Ala. App. 43, 304 So.2d 599
(1974). We find no error committed in the allowance of an attorney's fee.
Mrs. Jernigan has petitioned this court for an attorney's fee for defending this appeal. In light of the factors mentioned above, including the award of the fee by the trial court, we deny her the motion. Campbell v. Campbell, 51 Ala. App. 295,285 So.2d 105 (1973).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.