WRIGHT, Presiding Judge.
This is a divorce case. The wife appeals from the provisions of the judgment relating to division of property and the failure to provide her alimony.
The parties married in 1969 at middle age after previous marriages of each had ended in divorce. The husband is employed as a plant pathologist by Auburn University. He is assigned to the experiment station owned by the university near Mobile. The parties lived for a time in the home owned by the wife. The husband then purchased some twenty-four acres of land upon which the wife built a home with funds of her own. The husband built greenhouses and began a plant nursery operation. The wife initially worked regularly in that business.
In this period, the parties executed a post-nuptial agreement whereby the husband deeded to the wife full title to twelve of the twenty-four acres purchased by him. The home built by the wife was located on the twelve acres deeded to her and the greenhouses were located on the twelve acres retained by the husband. Each party agreed to waive all marital rights or interest in the property of the other. Thereafter, the husband purchased an additional twelve acres with $5,000 borrowed from the wife. The husband thereafter built with his funds another bedroom onto the house of the wife and purchased appliances installed in the house. The evidence tended to show that these items were equal or greater in value than the $5,000 loaned to him.
The evidence was that the wife at the time of the hearing had a separate income of over $650 per month and had savings accounts of at least $5,000 with other interests in her father’s estate. The husband’s salary is some $25,000 per year and he often earns additional sums as a consultant. The nursery business and landscaping business at the time of the hearing was without capital but had stock which could be salvaged.
The evidence tended to show the husband had a drinking problem and had admittedly on one occasion been guilty of adultery. There was other evidence that he had a continuing relationship with the same woman.
The trial court by its judgment permitted the real property to remain as then titled. It awarded all household furnishings to the wife and all nursery property and equipment to the husband. It gave to the wife one automobile and to the husband a station wagon and a pickup truck. The husband was ordered to pay a fee of $750 to the attorney for the wife.
The wife contends the court abused its discretion in division of property and in failing to award alimony.
There is no disagreement between counsel in argument that the division of property and the granting of alimony are matters addressed to the judicial discretion of the trial court. Therefore, we need recite neither principle nor authority on those matters. Neither do we need repeat the principle of the presumption of correctness of the judgment of the trial court after orally hearing the testimony. We find no need to rely upon that principle in this case.
We affirm the judgment of the trial court, not because that judgment would *997 have been ours had we sat as the nisi prius judge, for that is not a criterion for affirmance, but because upon consideration of the judgment in the light of the evidence, we do not find that judgment to be so arbitrary and unjust as to be a clear abuse of discretion. Jernigan v. Jernigan, 344 So.2d 778 (Ala.Civ.App., 1977).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.