This is a child custody case. The wife appeals from a decree awarding custody to the father. We reverse.
Plaintiff-wife filed suit seeking divorce on grounds of incompatibility, custody of the couple's minor male child, property division and child support. The defendant counterclaimed seeking divorce on the same grounds, custody of the child and a property division. Defendant later amended his counterclaim to allege adultery by the wife. After hearing ore tenus the trial court entered a decree of divorce on the ground of incompatibility. The court further found the wife guilty of adultery after the filing of the divorce complaint. Because of immoral conduct of the mother, custody of the three-and-one-half-year-old male child was awarded to the father. The issue presented is whether the trial court erred in its award of custody.
It is well settled in Alabama that where the trial court hears a divorce proceeding ore tenus, its decree will be affirmed on appeal unless found to be unsupported by credible evidence or is clearly wrong and unjust. Dunlavy v. Dunlavy,283 Ala. 303, 216 So.2d 281 (1968).
The court in its judgment found the wife guilty of adultery committed after she filed for divorce. It said: "The plaintiff's conduct after she and the defendant separated has strongly reflected upon her moral *Page 475 
character, and has rendered her custody of the child harmful to his best interests." The determination of the guilt of the wife by the court was made from factual evidence given by a private detective hired by the husband, and admitted by the wife. In essence that evidence was that the wife, age twenty-two, met a man, age forty-three, when her car broke down on the interstate in Birmingham. She had requested aid via her Citizens Band (CB) radio and the man responded. After she separated from her husband, and finding she did not wish to live with her parents, she contacted the man for aid in finding an apartment near her work. He helped her and the child move temporarily to a motel and to secure a baby-sitter during her working hours. She subsequently secured an apartment where she and the child resided at the time of the hearing. On some three occasions the detective observed the man come to either the wife's motel room or her apartment at night and remain there until the morning. The wife admitted these occasions but denied sexual intimacy. She and the man stated that they watched T.V. and talked of their problems. The wife said that she had no one with whom she could talk about the break-up of her marriage and her problems.
The trial judge did not accept her protestations of innocence but instead chose to conclude guilt of adultery from the circumstances. Though we might not have reached the same conclusion, in view of the favorable testimony of her psychiatrist and her employer and the absence of any hint of prior immoral conduct, the judge saw the witnesses and heard them as they testified. We cannot say that the circumstances were insufficient to support the conclusion of guilt. Russellv. Russell, 270 Ala. 662, 120 So.2d 733 (1960). We therefore presume his conclusion of fact that the wife was guilty of adultery after the separation as correct. Marks v. Marks,365 So.2d 1231 (Ala.Civ.App. 1979). However, we do not accept what appears to be a concomitant conclusion by the trial judge. That is, that the commission of adultery by the wife in this case, in fact and law, precludes her from being a fit custodian of her three-and-one-half-year-old son.
This court in no circumstances approves of the commission of adultery by a wife and mother even though separated from her husband. We agree that such conduct is a matter to be considered in determining whose custody will secure and protect the best interest of the child at this time. Watkins v.Watkins, 45 Ala. App. 450, 231 So.2d 904 (1970). However, it has been held by our courts that acts of adultery do not bar an award of custody to the mother. Hubbard v. Hubbard, 55 Ala. App. 521, 317 So.2d 489 (1975); Mason v. Mason, 276 Ala. 265,160 So.2d 881 (1964).
The evidence in this case indicates clearly and without dispute that the plaintiff has been an excellent mother to her son under some difficult conditions. He was born with a condition of internal abnormality which required that a colostomy be performed within a few days of his birth. The evidence was that the new mother left her bed to remain constantly with him at that time and subsequently when additional surgery was performed to return him to normalcy. It can only be inferred from the testimony that an unusually close and intimate relationship must have been forged in such times between mother and child. She did not leave him behind when she left her husband.
To the contrary, though the evidence indicates that the father worked and provided well for his son, there is no indication that he was more than a bystander in his care and tending. It is also clear, assuming the truth of a momentary episode of immoral conduct, the mother at no time neglected her child nor failed to provide him love and attention. It is further evident that the child's need for that love and care will not be best served by denying it to him.
It is difficult to reconcile the finding of the court of immoral character of the mother harmful to the best interest of the child, and the granting to her of custody three weekends of each month and two months in the summer. When added up, such custody totals at least one hundred twenty days and nights each year. Little calculation is necessary *Page 476 
to note that this is one-third of each year.
There is no question in the minds of the members of this court that the honorable and learned trial judge believed his finding to be in the best interest of the child. However, in view of the undisputed testimony as to the love and care of plaintiff for her son which he has enjoyed and become accustomed to, the denial of his custody to her for two-thirds of the year appears more in the nature of a punishment for her indiscretion than serving the best interest of the child. We consider the pole star of all custody cases — the best interest of the child — was lost under the facts of this case.
The judgment as to custody is reversed and custody is directed to be granted to the mother with reasonable rights of visitation to the father until further orders of the trial court.
In response to request of appellant for the award of an attorney's fee on appeal, it is ordered that the appellant be and is hereby granted the sum of $500 as attorney's fee for the services of her attorney on appeal.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.